MAURICE L. ROSEN et al.

*vs.*

GERMAN ALLIANCE INSURANCE COMPANY.

Penobscot.    Opinion December 13, 1909.

*Exceptions.   Fire Insurance.   Policies.   Cancellation.   Notice.   Waiver.   Burden of Proof.   Evidence.*

On exceptions to a verdict directed for defendant, with stipulation for judgment for plaintiffs if the order was erroneous, the test is whether a verdict could be sustained by the Law Court on the evidence.

Under the provision of the Maine standard policy of fire insurance entitling the insurance company after giving written notice to the insured to cancel the policy as to all risks subsequent to the expiration of ten days from such notice, *held* that such policy can be cancelled by the insurance company only at the expiration of ten days after such written notice unless such notice is waived by the insured.

The burden of proof is on the defendant insurance company to show a waiver by the insured of the provision of the Maine standard policy requiring ten days' written notice before the cancellation of such policy.

In the case at bar, *held* that the evidence was not sufficient to show that the plaintiffs waived the ten days' written notice of cancellation of their policy.

A waiver is a voluntary relinquishment of some known right, benefit, or advantage which, except for such waiver, the party would have enjoyed. A party cannot be deemed to waive by word or act a right which he does not know that he possesses.

Where the plaintiffs were insured under a Maine standard policy of fire insurance, *held* that the evidence showed that the plaintiffs were ignorant of the provision in such policy requiring ten days' written notice by the insurance company before cancellation of the policy.

Where an insurance company issued a fire insurance policy of the Maine standard form and attempted to cancel the same in violation of the provision therein requiring ten days' written notice of cancellation, and the insured were ignorant of such provision, and a loss occurred after such attempted cancellation, *held* that the insured did not waive the ten days' written notice of cancellation and that the insurance company was liable on the policy.

On exceptions by plaintiffs. Sustained.

Assumpsit upon a policy of fire insurance issued to the plaintiffs by the defendant company. Plea, the general issue, with brief statement as follows: "That the insurance policy described and declared upon in plaintiff's writ was cancelled and surrendered by mutual agreement long before the fire mentioned in said writ and causing the loss complained of occurred."

At the conclusion of the evidence, the presiding Justice ordered a verdict for the defendant and the plaintiffs excepted. It was also agreed that if the order was erroneous, judgment should be entered for the amount claimed.

The case is stated in the opinion.

*Martin & Cook*, for plaintiffs.

*E. C. Ryder*, for defendant.

SITTING: WHITEHOUSE, SAVAGE, CORNISH, KING, BIRD, JJ.

CORNISH, J. This is an action of assumpsit upon a policy of insurance issued by the defendant company through its agent Charles M. Stewart, May 28, 1908. The policy was never delivered to the plaintiffs, neither was any premium paid, but it is not claimed by the defendant that these facts affected the validity of the contract. The defense is cancellation by agreement, and the facts on which the defendant relies to prove such cancellation are these. On the afternoon of June 11, or the morning of June 12, 1908, the agent received notice from the home office of the company in New York to cancel this policy for the reason, as he testifies that

the company had all the insurance in that locality which it felt justified in carrying.    About nine o'clock on the morning of June 12, the agent notified Mr. Rosen, the senior partner, that the company had requested him to cancel the policy immediately and informed him that his protection under the policy would terminate at noon of that day.    Thereupon Rosen said "What am I going to do?"  And the agent replied "You want to get busy and go to some other agent, you have got three hours."    Rosen then asked the agent if he couldn't place the risk in another of his companies, but the agent said that he could not, and he would have to go elsewhere.    Thereupon Rosen said "Well Charles you can do better than I can.    Won't you do it for me? and the agent said "I will try if you want me to, I can't say that I can but I can try — I will do it if I can."    This is the conversation as given by the agent, but Rosen testified that the agent simply said the company wrote him to cancel the policy without stating the time of cancellation, and the reason given was the nearness of a paint shop to the premises insured, that Rosen then said "I suppose you will put it in another company" and the agent replied "I will" and then Rosen said "All right."    Mr. Stewart at once entered into negotiations with another agent and the latter wrote to New York for authority to take the risk, and on the same day Mr. Stewart returned the Rosen policy to the home office in New York.    At four o'clock on the morning of June 13, 1908, and before other insurance was procured, the fire occurred.

At the conclusion of the testimony the presiding Justice ordered a verdict for the defendant and the case comes to this court on exceptions by plaintiffs with the stipulation that if the order was erroneous, judgment is to be entered for the plaintiffs for the amount claimed.    As the case is presented the test is whether a verdict for the plaintiffs could be sustained by this court on the evidence. *Bank* v. *Sargent*, 85 Maine, 349 ; *Young* v. *Chandler*, 102 Maine, 251.    It is the opinion of the court that such a verdict could be sustained.

It must be conceded at the outset that except by agreement or waiver, this policy which was of the Maine Standard Form, could

not be cancelled by the company until the expiration of ten days after written notice to the assured.    The policy so provides : "The Company also reserves the right after giving written notice to the insured  .  .  .  .  to cancel this policy as to all risks subsequent to the expiration of ten days from such notice."    The obvious purpose of this provision is to protect the assured from the possible results of immediate cancellation and to allow him ample time in which to procure other insurance.    It must be further conceded that the parties had a right to cancel the policy at once by mutual agreement, that is that the plaintiffs had a right to waive this provision if they saw fit to do so, but on this point the burden of proof is on the defendant.

The evidence in this case does not sustain that burden.    A waiver is a voluntary relinquishment of some known right, benefit or advantage, which except for such waiver, the party would have enjoyed.    *Peabody* v. *MaGuire*, 79 Maine, 572 ; *Stewart* v. *Leonard*, 103 Maine, 128.    It follows that there can be no waiver in pais without knowledge.    A party cannot be deemed to waive by word or act a right which he does not know that he possesses. *Marcoux* v. *Soc. of St. John Baptist*, 91 Maine, 250.    The preponderance of the evidence in the case at bar is in favor of the plaintiffs' ignorance of the ten days provision before referred to. True, Mr. Rosen when called in rebuttal testified that he knew about this provision prior to the fire, but the facts that occurred at the time show conclusively that in this he must have been mistaken and that he knew nothing of it until informed of the fact by another agent.    Nothing was said by either party in regard to this ten days' limit when the conversation was had on June 12, in regard to the cancellation, but the agent testified that in the afternoon of June 13, after the fire, the following conversation took place.

"Mr. Rosen came to my office and said that another insurance agent in Bangor had told him that under the conditions of every policy he was entitled to have that policy remain in force for ten days to enable him to procure other insurance.    I told him I didn't so understand it, unless the property was mortgaged. That in reading the policies that was the understanding I had always had of it.

I went to the same company's office and got out a blank policy, and we read it together there in the office, and I says, "Well, it may be possible that the law intends it to be construed as you say, but I didn't realize it up to this time," and he says, "Nor I either.  I didn't know I was entitled to it, but another insurance agent has told me I was."

Immediately after this interview the agent wrote the home office a full report of all that had taken place between Rosen and himself both before the fire and after, and in the course of the letter says : "Mr. Rosen supposed, as he was ignorant of the law in the matter, that he had no claim after 12 o'clock yesterday on our company, another agent with whom he was discussing the feature this morning told him he was entitled to ten days' notice.  Mr. Rosen thereupon called upon me and stated that he was until now unaware that the Maine Standard Policy contained a clause giving the assured ten days' notice, and if he is legally entitled to reimbursement by the German Alliance for loss sustained he shall expect them to meet him fairly and pay him."

On cross examination the agent admitted that up to the time of this interview, he himself, although he had been engaged in the business for seven years had no knowledge that this ten days' clause covered all holders of policies.  The fact is that neither the agent was aware of its effect nor the plaintiffs of its existence at the time of the attempted cancellation, and all that was said and done at that time rested upon the mutual assumption of the right of immediate oral cancellation.  Why should the plaintiffs relinquish this right, if known, and run the possible hazard which within twenty-four hours became an unfortunate fact?  They say that the agent promised to procure other insurance and that it was at most only a conditional cancellation.  The agent denies that he ever made an absolute promise but only agreed to try to place the risk which he did and failed.  He denies the conditional cancellation and in his letter before referred to virtually negatives the waiver of an absolute one.  Both parties labored under a misapprehension of the facts.

Were the issue as made by the defendant that of unconditional cancellation the defendant has failed to substantiate it.  There is

at best a conflict of testimony with the probabilities on the side of the plaintiffs. The agent, thinking he had the right, notified Rosen of immediate cancellation, and Rosen ignorant of the protecting provision in his policy made no resistance. He passively received the notice and asked the agent to procure other insurance. It is difficult in this to find that evidence of intent to cancel on the part of the plaintiffs which the defendant admits is always necessary.

To surrender a policy of insurance is to surrender all rights under that policy and the right to have ten days' written notice of cancellation is one of the most important therein contained. This court is reluctant to hold that the assured can be deemed to have intentionally waived or surrendered a right of which they were wholly ignorant and to thus have deprived themselves of the protection which the policy under the command of the legislature has given them.

*Exceptions sustained.*
*Judgment for plaintiffs for $883.31*
*with interest from August 25, 1908.*