ELMER E. BRAGG *vs.* ROYAL INSURANCE COMPANY, LIMITED.

Somerset. Opinion September 18, 1916.

*Burden of proof. Insurance contract under Maine Statutes. Knowledge on part of insurer as to right to ten days' written notice of intended cancellation of policy. Pleadings. Waiver of right of written notice under Maine form of insurance policy.*

1. When the assured in a policy of fire insurance is ignorant in fact of the provision in the policy that it could be cancelled by the company only by giving ten days' notice in writing, and, relying upon the representation of the company's agent that the company had the right to cancel it forthwith, surrenders his policy and receives the unearned premium, he does not thereby waive his contract right to notice, and the policy remains in force.

2. He who sets up a waiver must prove it.

3. Where in an action upon a fire insurance policy, reported to this court, the defence of non-occupancy was not pleaded, and where the defendant had written plaintiff's counsel that its position was that the policy was cancelled by mutual agreement, and said no more, and where it does not appear that the defence of non-occupancy was suggested below, the defendant is held to have waived all defenses except mutual cancellation.

Action on the case for recovery of sum due under an insurance policy. Defendant pleaded general issue and brief statement alleging that the policy, upon which suit was brought, had been cancelled and surrendered by mutual agreement long before the fire, which caused the loss. At close of testimony, case referred to Law Court for determination, upon so much of evidence as legally admissible. Judgment for plaintiff for six hundred and seventy-five dollars and interest from date of writ.

Case stated in opinion.

*Fred H. Lancaster, and Harry Manser,* for plaintiff.

*A. K. Butler,* for defendant.

SITTING: SAVAGE, C. J., CORNISH, KING, BIRD, HALEY, PHIL-BROOK, JJ.

SAVAGE, C. J. This action upon an insurance policy comes before this court on report. The issuing of the policy and the loss by fire are admitted. The defendant pleaded the general issue, and specially by way of brief statement, that the policy sued upon was cancelled and surrendered by mutual agreement before the fire.

The defendant contends in argument, also, that the policy was forfeited and void by reason of non-occupancy, long before the alleged mutual cancellation, and therefore that it is immaterial whether there was a cancellation or not. We do not think this defense is open to the defendant now. Not only did the defendant fail to plead non-occupancy, but in a letter to the plaintiff's counsel before suit was brought it said,—"The position of the Royal Insurance Co., Ltd., is that this policy was cancelled by mutual agreement with Elmer E. Bragg, and therefore this company does not owe him any money." It said nothing more. It may not be true in every case that a denial by an insurance company upon one ground will preclude it from setting up other grounds of non-liability, although it is held in some cases that a refusal to pay based on one specified ground will waive other grounds. 2 May on Insurance, sect. 504 A., citing *German Ins. Co.* v. *Ward,* 90 Ill., 550; *Marston* v. *Mass. Life Ins. Co.,* 59 N. H., 92; *Ben Franklin Fire Ins. Co.* v. *Flynn,* 98 Pa. St., see also *Smith* v. *German Ins. Co.,* 107 Mich., 270. The defendant's letter and its pleading might well have led the plaintiff to understand that mutual can-

cellation was the only defense to be offered, and to prepare and present his case accordingly. And apparently it was so presented below. The case having been reported upon the evidence, without rulings or findings, we think the defendant ought not now to be allowed to take advantage of a point which was not only not disclosed by the pleading, but which the defendant's letter and pleading gave the plaintiff reason to believe would not be set up. It has waived all other defenses than the one disclosed.

To recur then to the question of mutual cancellation of the policy. The burden of showing it is, of course, on the defendant. *Rosen* v. *Ins. Co.,* 106 Maine, 229; *Bard* v. *Ins. Co.,* 108 Maine, 506. The evidence is conflicting in some respects. But we think the weight of it supports the following statement of facts. The premises had been occupied by the plaintiff's tenant. A few days before the attempted cancellation, the tenant left them, upon the assurance, as he says, of the defendant's agent, that the policy would remain in force, if he stayed on the premises from Saturday to Monday each week. Shortly after the agent called the plaintiff to his office and informed him that the company would not continue the policy under such conditions, and had instructed him to cancel it. The plaintiff said he would have the tenant go back, or that he would occupy the premises himself. The agent replied that that would not do any good, that the policy was already cancelled, and told the plaintiff to bring in his policy and he would return to him the unearned premium. The plaintiff afterward surrendered his policy and received the premium.

The policy was in the standard form prescribed by statute. R. S., ch. 49, sect. 5. Under the terms of the policy the company could cancel the policy after giving the insured ten days' notice in writing, and tendering a ratable proportion of the premium, and not otherwise, except by mutual agreement. In this case no notice in writing was given, and no unearned premium tendered at the time. Therefore to establish cancellation mutual assent must be shown. In other words it must be shown that the plaintiff waived his contract right to written notice.

It was held in effect in *Rosen* v. *Ins. Co.,* supra, and *Bard* v. *Ins. Co.,* supra, that where an insured was in fact ignorant of the requirement for ten days' written notice, and ignorantly consented

to a cancellation of his policy, it was no waiver of his contract right to notice. For a waiver is the voluntary relinquishment of a known right. But the defendant seeks to distinguish this case from the Rosen and Bard cases on the ground that it does not affirmatively appear that the plaintiff was ignorant of his right. As to this, we say, first, that he who sets up a waiver must prove it. He must prove all the elements that create a waiver. It was incumbent on the defendant to prove that the plaintiff voluntarily relinquished a known right. This it has not done. Again, we think it cannot be said that there is no evidence of the plaintiff's ignorance. It is true that he was not asked directly whether he knew. The agent was asked if he himself knew, and he admitted that he did not at the time. The conduct of the plaintiff points, we think, almost indisputably to the inference of his ignorance of his right. Among other things the plaintiff testified that he asked the agent if he "didn't have any notice or anything," and that the agent replied, "No, we can cancel it at a minute's notice." This statement is not denied by the agent. If the plaintiff had then known that he was entitled to ten days' notice in writing, it is inconceivable that he would have taken the agent's assurance as true, which his subsequent conduct shows that he did. He acted upon that assurance, without further protestation as to the right of the company to cancel without notice. And it is not too much to say in view of common experience, that it ought not to require much evidence to show that ordinarily the insured are not familiar with all the provisions of their insurance policies.

We think this case falls within the doctrine established by the Rosen and Bard cases. Like the Rosen case it is a case, as the court then said, where "the agent, thinking he had the right, notified the insured of immediate concellation, and the insured ignorant of the protecting provision of his policy made no resistance." Accordingly we hold that although the plaintiff did consent to the cancellation of his policy he consented in ignorance of his contract right, and that his consent did not constitute a waiver of written notice as the policy provided. The policy remained in force until the time of the fire.

*Judgment for the plaintiff for $675 and interest from the date of the writ.*