ALEXANDER BILODEAU

*vs.*

NARRAGANSETT MUTUAL FIRE INSURANCE COMPANY.

CLOTTIE BILODEAU

vs.

DIRIGO MUTUAL FIRE INSURANCE COMPANY.

Kennebec. Opinion October 22, 1917.

*Contracts of insurance. Right to assign policy under R. S., 1916, Chap. 57, Sec. 63. Rule as to agents binding company. General rule as to waiver.*

Exceptions and motions for new trial by defendants.

EXCEPTIONS: By virtue of the provision of R. S., 1916, Chap. 53, Sec. 119, the acts of agents of domestic insurance companies, regarding any insurance effected by them, may constitute a waiver of the terms of the policy, and the company is bound by such waiver.

MOTION: The testimony does not disclose such error on the part of the jury in reaching their verdicts as will authorize setting those verdicts aside under the well established rules of this court.

Action on the case to recover on certain insurance policies. The two actions were tried together, husband and wife plaintiff in each case. Defendant filed plea of general issue and also brief statement. Verdict was rendered for plaintiff in each case. Defendant filed exceptions to certain rulings of presiding Justice, and also motion for new trial. Exceptions overruled. Motion overruled.

Case stated in opinion.

*Johnson & Perkins,* for plaintiff.

*Newell & Woodside,* for defendant.

SITTING: KING, BIRD, HALEY, PHILBROOK, JJ.

PHILBROOK, J. These two suits, brought to recover on fire losses, were tried together. The plaintiffs are husband and wife. In

former suits each of these plaintiffs recovered a verdict against the Maine Central Railroad Company for the loss sustained, on the ground that a locomotive of that company, while passing the property destroyed, emitted sparks which caused the fire. Judgments in both suits were fully satisfied by the railroad company. By virtue of the provisions of R. S., 1916, Chap. 57, Sec. 63, both plaintiffs assigned their policies of insurance, and all their right, title and interest in those policies, to the railroad company. The latter brought these suits under the provisions of the statute just referred to, in the names of the insured, and is herein the plaintiff in interest.

The plaintiff in interest also obtained verdicts in both cases at bar. The defendant companies present bills of exceptions and motions for new trial on the customary grounds. Those exceptions and motions relate to the same principles in both cases and this discussion will proceed as if but one case were presented for consideration.

In addition to denial of liability under the general issue, the defendants alleged, for brief statement of matter of defense,

First; that the policy in suit was never paid for by the insured, or by anybody in his behalf, although the same was demanded and became due and payable at the delivery of said policy;

Second; that the assessments on said policy due and payable prior to the fire, as described in plaintiff's writ, were due and unpaid at the date of said fire;

Third; that the buildings were destroyed through the negligence and carelessness of the Maine Central Railroad Company, in its management of an engine in its use and under its control, which caused said fire to be set by sparks from said engine, and that the plaintiff has received full payment for said fire loss to his property so destroyed.

By an amendment to its pleadings and brief statement, each defendant declared that it is a mutual fire insurance company, organized under the statutes of this state; that by virtue of the statute it became the legal duty of the plaintiff, before receiving the policy in suit, and as a condition precedent to said policy taking effect, to deposit his note for a certain sum with the company, and to immediately pay a certain part of that note. The amended brief statement further declared that this last named payment was never made, and defendants therefore claimed that by reason of such non-payment the policy in suit never went into effect and was null and

void.   The statement reiterated payment of the loss by the railroad, and finally alleged fraudulent over-valuation by the plaintiff of the property destroyed.

The defendant insurance companies in the printed argument presented to this court  quite clearly and concisely stated  their defenses to be as follows:

"The defenses raised in the case of Alexander Bilodeau, were, first, that the policy had not been paid for; second, that in the proof of loss furnished to the company, the items of loss were knowingly over-valued for the purpose of defrauding the defendant; and third, that the policy is void.

"The defenses raised in the case of Clottie Bilodeau, were, first, that the cash payment on the policy ·amounting to $6.54, had not been paid; second, that there were unpaid assessments; third, that with the intent to defraud the defendant, the plaintiff knowingly and intentionally overvalued items of property in her proof of loss under said policy; and fourth, that the policy is void.

"It is claimed, as a legal proposition, that, being mutual fire insurance companies, organized under the statutes of this state, the cash payment constitutes a condition precedent without which a policy does not become effective; that the cash payment not having been made on either, the contracts for insurance were never consummated for either; that, if otherwise, the policy of Clottie Bilodeau became void by reason of the non-payment of assessments; and that the statute provision for the cash payment could be waived only by proper action of the insurer and not by any act of its agent, Mr. Millett, unless he were expressly authorized so to do by corporate authority."

Thus it will be seen that the defenses relating to payment by the Maine Central Railroad Company, and the negligence of that company in causing the fire, were practically abandoned.   The plaintiffs concede that the policy, in the case of Alexander Bilodeau, had not been paid for; also, that in the case of Clottie Bilodeau, the cash payment and certain assessments had not been paid; but urge that the contract requirements in these particulars were waived by the defendants.   They deny that in either case there was a fraudulent over-valuation of the property destroyed, and deny that the policies were void.

In their turn the defendants deny waiver as claimed by the plaintiffs. Neither the bill of exceptions nor the argument of counsel contains complaint regarding instructions of the presiding Justice as to what constitutes waiver in law, but they urge that the waiver was not made, as matter of fact, and if made at all, was not made by competent authority and except to the instructions given upon this point. In support of these contentions the defendants cite numerous cases from other jurisdictions, as well as text writers, to the effect that the waiver suggested could only be done by corporate authority.

Our legislature has declared that "the agents of all domestic companies shall be regarded as in the place of the company in all respects regarding any insurance effected by them. The company is bound by their knowledge of the risk and of all matters connected therewith. Omissions and misdescriptions known to the agent shall be regarded as known by the company, and waived by it as if noted in the policy." R. S., Chap. 53, Sec. 119. That the acts of an agent may constitute a waiver of the terms of the policy, and that the company is bound by such waiver has been recently held by this court in *Frye* v. *Equitable Life Insurance Company*, 111 Maine, 287. Upon this question of waiver by an agent the defendants cite, and with some confidence rely upon *Lewis* v. *Monmouth Mutual Fire Ins. Co.*, 52 Maine, 497, and *Swett* v. *Citizens Relief Association*, 78 Maine, 541. The former case was decided four years before the enactment of the statute just quoted. The latter case involved the power of an agent to ratify a contract which was invalid in its inception. Neither case is applicable to the question now under consideration. The instructions made the subject of exceptions in the present case are in harmony with our statute law and the decisions of this court.

As to whether there was a waiver in fact, as claimed by the plaintiff, was a question to be determined by the jury under instructions which, we have just said, were correct. The defense of fraudulent over valuation was also in that same realm of fact. After a careful and patient study of the cases we are unable to say that in any of its findings there was such manifest error as to require the verdicts to be set aside.

*Exceptions overruled.*
*Motion overruled.*