**Karl KRAUL, et al.**

v.

**MAINE BONDING &
CASUALTY COMPANY.**

Supreme Judicial Court of Maine.

Argued May 2, 1989.
Decided May 25, 1989.

Grover G. Alexander (orally), Gray, for plaintiffs.

Thomas F. Monaghan (orally), Christopher C. Dinan, Monaghan, Leahy, Hochadel & Libby, Portland, for defendant.

Before McKUSICK, C.J., and ROBERTS, WATHEN, GLASSMAN, CLIFFORD, HORNBY and COLLINS, JJ.

HORNBY, Justice.

The Superior Court (Cumberland County, *Wernick, A.R.J.*) granted summary judgment to the insurance company in this reach and apply action and denied a motion to amend the complaint to include "waiver" as a rationale of recovery. We affirm.

■ In this occurrence-type liability and completed operations policy, the policy language clearly provides that the insurance company will pay for bodily injury only where it "occurs during the policy period." Although the insured's alleged negligence occurred during the policy period, the bodily injury in question occurred after the policy period expired. The plaintiff in this reach and apply action argues that the insured had a different understanding of the policy's coverage and that the insurance agent shared that understanding. But this is not an action for reformation based upon mistake nor is it an action against the insurance agent. We find no ambiguity to justify going behind the clear policy language.

■ The plaintiff's waiver argument seems to be that the insurance company waived the time-restrictive language when it issued the policy, because its agent remained silent in the face of the insured's expressed intent to seek coverage for injuries whenever they might occur if they resulted from operations completed within the policy period. We affirm the Superior Court's ruling that the amendment asserts a theory doomed to fail as a matter of law and therefore need not be allowed under M.R.Civ.P. 15. Waiver requires the intentional relinquishment of a known right. *Northeast Insurance Co. v. Concord General Mutual Insurance Co.*, 461 A.2d 1056,

1059 (Me.1983). Here, the carrier had nothing to waive at the time it entered the contract; the plaintiff is seeking to *create* a contractual provision of coverage.

We express no view on the plaintiff's alternative theories of estoppel and implied contract, which are not before us.

The entry is:

Judgment affirmed.

All concurring.