Kenneth C. ARNDT, et al.

v.

MAINE STATE RETIREMENT
SYSTEM, et al.

Supreme Judicial Court of Maine.

Argued Jan. 9, 1992.
Decided Feb. 12, 1992.

Richard C. Solman (orally), Solman & Hunter, Caribou, for plaintiffs.

Polly Haight Frawley (orally), Asst. Atty. Gen., Augusta, Richard Currier, Currier & Trask, P.A., Presque Isle, for defendants.

Before McKUSICK, C.J., and ROBERTS, WATHEN, GLASSMAN, CLIFFORD and COLLINS, JJ.

WATHEN, Justice.

Plaintiffs, seven employees of the Northern Maine Regional Planning Commission and the Northern Regional Planning Commission (Planning Commissions), appeal from a decision of the Superior Court (Aroostook County, *Pierson, J.*) affirming an order invalidating their claimed membership in the Maine State Retirement System (MSRS). Plaintiffs argue on appeal that the Trustees of MSRS erred in finding that (1) the Executive Board of the Planning Commissions had not properly approved the extent of benefits in accordance with the statute; (2) the executive director of the MSRS had authority to terminate the retirement plan; and (3) the MSRS was not barred by estoppel or waiver from terminating the plan. Finding no error, we affirm.

I.

The relevant facts may be summarized as follows: In 1987 the Executive Board [1] of the Planning Commissions authorized its Finance and Pension Committees to investigate membership in the MSRS. In June 1987 the Executive Board voted to "acknowledge and affirm" the Committees' decision to join the MSRS and approved the Committees' plan, which provided for retirement after 20 years of service with no age limitation and with credit for prior years of service. A certified copy of the Executive Board resolution approving participation was not filed with the MSRS as required by 5 M.R.S.A. § 18201(1) (1989). By the time this omission was discovered, revised calculations were necessary to update the proposed plan. The calculations

---

1. Although each Planning Commission has its own Executive Board, Finance Committee, and Pension Committee, for the purposes of appeal their respective committees and boards will be treated collectively.

resulted in increased costs, and in 1989 the Pension Committee developed a new plan providing for retirement after 25 years of service at age 60, with the same credit for prior service. In July 1989 a certified copy of the original 1987 Executive Board resolution was filed with the MSRS, along with an attached copy of the new plan. No additional certification of the new plan was made by the Executive Board. The Planning Commissions were accepted as participating local districts by the MSRS in October 1989.

The following month, the executive director of the MSRS learned that the 1987 certification provided by the Planning Commissions did not comply with the statutory requirement in that it did not approve the 1989 plan. Consequently, the executive director terminated the Planning Commissions' participation in the MSRS. Plaintiffs appealed to the Board of Trustees, which affirmed based on the failure of the Executive Board to vote on the extent of benefits in the 1989 plan. The Trustees further held that the statute does not permit delegation of the Executive Board's authority to a subcommittee (here, the Pension and Finance Committees), and that even if it did, the facts of this case do not show a delegation of authority or subsequent ratification. Finally, the Trustees found that the actions of the MSRS and the reliance of the employees did not satisfy the requirements for estoppel or waiver. The employees appealed the Board of Trustees' decision to the Superior Court, which affirmed. Because the Superior Court acted in an appellate capacity, we review directly the decision of the Board of Trustees. *See Robinson v. Board of Trustees of Maine State Retirement Sys.*, 523 A.2d 1376, 1378 (Me.1987).

## II.

■ The requirements for participation in the MSRS are set forth in 5 M.R.S.A. § 18201(1), which provides:

[T]he executive body[2] of the district must approve participation and must file with the board a duly certified copy of the resolution approving the participation and the extent of benefits which are to apply....

Plaintiffs argue that the Executive Board's certification complied with this section because the Board delegated its approval authority, and subsequently ratified the plan by making two monthly payments. In urging us to look to substance rather than form, plaintiffs ignore the fact that section 18201 establishes strict formal requirements for entry into MSRS. In order to insure the integrity of the retirement fund, the legislature has unambiguously stated the requirements for participation. These requirements are designed to avoid disputes concerning corporate authority, such as the very dispute presented in this case. Because the Planning Commissions never fulfilled the requirements for participation in the MSRS, plaintiffs did not become members as that term is defined in 5 M.R.S.A. §§ 17001(20) (1989) and 18251 (1989). Thus we need not address plaintiffs' argument that the executive director exceeded his authority in terminating their membership.

## III.

■ Plaintiffs also invoke the doctrines of equitable estoppel and waiver, based on the acceptance of the 1987 certificate and monthly payments, and issuance of the certificates of prior service. In order to meet the requirements for estoppel, plaintiffs must show that they reasonably relied on the representations or acts of the MSRS to their detriment. *See Town of Falmouth v. Long*, 578 A.2d 1168 (Me.1990); *Shackford & Gooch, Inc. v. Town of Kennebunk*, 486 A.2d 102 (Me.1984). The Planning Commissions were fully informed by the MSRS of the need for executive body approval of participation and the extent of benefits. The Board of Trustees found and the record supports that, at most, the subsequent acceptance by the MSRS of the 1987

---

**2.** "Executive body" is defined in 5 M.R.S.A. § 17001(15) (1989) as "the official or body of officials who, in their official capacity, have the general powers and duties of administering, supervising and managing the affairs of an organization or governmental unit."

certificate was due to a misunderstanding that it represented the executive body's approval of the 1989 plan. *See Anderson v. Commissioner of Dep't of Human Servs.*, 489 A.2d 1094, 1099 (Me.1985) (misunderstanding will not support application of estoppel). More importantly, plaintiffs have failed to show detrimental reliance in that the Executive Board is free to correct the defective certification if it chooses to do so. The Board of Trustees did not err in finding no basis for estoppel. Moreover, plaintiffs' waiver argument also fails, because the MSRS did not intentionally relinquish the protection afforded by section 18201. *See Kraul v. Maine Bonding & Casualty Co.*, 559 A.2d 338 (Me.1989).

The entry is:

Judgment affirmed.

All concurring.