## HUBBELL *v.* OHLER.

1. EQUITY — LAND CONTRACTS — VENDOR AND PURCHASER — FORFEITURE — RELIEF.

   Equity will sometimes relieve the vendee in a land contract against forfeiture.

2. SAME—CONSTRUCTION OF CONTRACT—MORTGAGES.

   To set aside the provision of a land contract as to forfeiture, equity must say, by an arbitrary rule of construction, that the parties did not intend the full effect of their language in its literal meaning, and must treat the condition as for security merely.

3. SPECIFIC PERFORMANCE—LAND CONTRACTS—FORFEITURE—RELIEF —EQUITY.

   On appeal in a suit by the vendee for the specific performance of a land contract and for relief from forfeiture, the decree of the court below for defendants is modified to relieve plaintiff from the forfeiture, but requiring him to pay within 30 days the entire balance of the purchase price, interest, taxes, expenses of forfeiture, and compensate defendants for improvements made since forfeiture.

Appeal from Kent; McDonald (John S.), J. Submitted January 18, 1921. (Docket No. 66.) Decided March 30, 1921.

Bill by Jeremiah C. Hubbell against Louis P. Ohler and others for the specific performance of a land contract, and to relieve from an attempted forfeiture. From a decree for defendants, plaintiff appeals. Modified.

*John M. Dunham,* for plaintiff.

*C. H. Gleason* and *Ellis & Ellis,* for defendants.

CLARK, J. The land contract, the subject-matter of this suit, the vendee being in default, has been

On equitable relief against forfeiture of estate, see note in 69 L. R. A. 833.

forfeited pursuant to its terms. The court is asked by the vendee, plaintiff, to enforce the contract specifically, and to relieve him of the forfeiture. Relief was denied by the trial court. Plaintiff has appealed. Equity will sometimes relieve against forfeiture. But the right to declare a forfeiture is provided by the contract. It is an important and valuable right. To set aside the provision of the contract as to forfeiture, equity must say, by an arbitrary rule of construction, that the parties did not intend the full effect of their language, must make the language read contrary to its literal meaning, must treat the condition as for security merely, and then enforce the contract as thus determined. See *Maginnis* v. *Knickerbocker Ice Co.*, 112 Wis. 385 (88 N. W. 300, 69 L. R. A. 833); *Lozon* v. *McKay*, 203 Mich. 364.

Are the facts in this case such as to call for this interference by a court of equity? The contract was first between defendant Ohler and one Boomsma. Boomsma, vendee, on August 1, 1918, assigned his interest to plaintiff when there remained of the principal unpaid $3,000, payable $100 or more each year on August 1st, commencing August 1, 1919, and when there was due of interest and taxes $220. Including such interest and taxes, plaintiff to have such assignment paid approximately $1,000. The land was then incumbered to the amount of $2,100. The contract required interest to be paid semi-annually. It required the vendee to pay the taxes. It contained a covenant against waste. It had the usual provisions as to forfeiture on default and as to re-entry.

The interest due February 1, 1919, was not paid. Plaintiff claims he was mistaken as to the time of payment. The defendant Ohler having failed in his efforts to secure payment of such interest and the taxes of 1918, on April 12, 1919, caused a notice of

forfeiture to be served on the plaintiff. The premises were vacant, and defendant Ohler took possession and on April 23, 1919, sold and conveyed the same to defendant Byers who, knowing the facts, at once took possession and made improvements.

On April 27, 1919, plaintiff tendered defendant Ohler the amount of interest due and $1.10 as costs of the forfeiture. The taxes were not paid. These were paid by defendant Ohler June 30, 1919. The bill was filed May 7, 1919. Decree was entered January 29, 1920. The trial judge found that the plaintiff had "suffered various and sundry people to commit waste and damage to said lands and the appurtenances, particularly the house and barn." We think considerable damage to the buildings, land and fences was shown. If plaintiff be restored to his rights under the contract we find no strong expectation that the covenant as to waste will be hereafter performed. See *Maginnis* v. *Knickerbocker Ice Co.*, 69 L. R. A. 835. The plaintiff seems to have held the property for trading purposes. As we have seen, if the contract had been in force on August 1, 1919, plaintiff might have paid "$100 or more" upon the principal, so the whole amount might have been paid. Equitable conditions under which plaintiff may be relieved of the forfeiture may be imposed. See *Stickney* v. *Parmenter*, 35 Mich. 237. Probably, had the only default been the failure to pay interest and taxes, plaintiff would have had decree, but the default as to waste was serious, resulting in impairment of the property, and it is with some reluctance that we have concluded to modify the decree and then only in a way that will protect the interests of the defendants.

The decree may be modified to relieve plaintiff from the forfeiture upon the condition that within 30 days from the entry of decree in this court he

pay to the clerk of Kent county: (1) The entire unpaid purchase price of the land; (2) All arrearages of interest; (3) Any sum or sums paid by defendant, or defendants for taxes upon the land and upon the contract; (4) The sum of $50 as an allowance to defendant Ohler for attorneys' fees and expenses upon the forfeiture; (5) Costs of both courts; and (6) Compensation to defendant Byers for improvements made upon the premises, the amount of which, if the same cannot be determined by agreement of counsel, may be determined upon hearing by the lower court, to which the cause will be remanded for any further proceedings not inconsistent herewith, and if within the time aforesaid the said several sums (1 to 5 inclusive) shall have been paid and the amount of the compensation to defendant Byers shall not have been determined, then in lieu of payment and pending such determination plaintiff may give his bond with sufficient sureties to be approved by the said clerk, in the penal sum of $500, to defendant Byers conditioned for the prompt payment of such compensation to defendant Byers when so determined.

And upon performance of all the aforesaid the deed to Byers will be set aside and defendant Ohler will execute and deliver a conveyance according to the contract and plaintiff will be restored to possession. Four of said amounts and items, being 1, 2, 3 and 5, if paid to the said clerk, shall be distributed under the order of the court to the defendants as their interests may appear. And in default of the performance of these conditions (1 to 6 inclusive) within the time limited the decree of the lower court will be affirmed, with costs of both courts.

Steere, C. J., and Moore, Fellows, Stone, Bird, and Sharpe, JJ., concurred. The late Justice Brooke did not sit.