BILANDZIJA v. SHILTS.

1. VENDOR AND PURCHASER — LAND CONTRACTS — FORFEITURES — EQUITY.
   Equitable relief against forfeiture of land contract may be obtained by defendant in an action of ejectment by bill in chancery.

2. SAME—PAYMENT—LOCATION.
   Holder of purchaser's interest under land contract, who first tried to locate vendor, then attempted to make annual payment at banks in town near which property was located and at office of vendor's attorney, made reasonable effort to comply with requirements for payment of such instalment where no place of payment was established nor exact date on which to make annual payment provided.

3. SAME—TENDER OF PAYMENT—REFUSAL TO ACCEPT CHECK.
   Vendor's refusal to receive check of holder of purchaser's interest on sole ground it was too late obviated need for making a more formal and legal tender of cash.

4. SAME—LAND CONTRACTS—FORFEITURE NOT FAVORED.
   Forfeitures of land contracts are not favored in the law.

5. SAME—LAND CONTRACT—FORFEITURE.
   Forfeiture of a land contract may be provided for but provisions relied upon for forfeiture must be clear and unequivocal.

6. SAME—FORFEITURE—PERFORMANCE WITHIN REASONABLE TIME.
   Equity will not enforce forfeiture of land contract, where purchasers have offered to perform within a reasonable time and were refused.

7. CONTRACTS—TIME OF ESSENCE—EQUITY.
   Time cannot be made essential in a contract, merely by so declaring, if it would be unconscionable to allow it.

---

REFERENCES FOR POINTS IN HEADNOTES
[1, 6, 7]  55 Am Jur, Vendor and Purchaser §§ 625, 642.
[3]  55 Am Jur, Vendor and Purchaser § 344.
[5]  55 Am Jur, Vendor and Purchaser § 621.

Appeal from Eaton; McDonald (Archie D.), J. Submitted June 19, 1952. (Docket No. 51, Calendar No. 45,498.) Decided September 3, 1952.

Bill by Rose Bilandzija against Shirley E. Shilts to set aside forfeiture of land contract and restrain action of ejectment. Decree for defendant. Plaintiff appeals. Reversed and decree entered for plaintiff.

*Howard W. Cavanagh* (*Wendell L. Schoder,* of counsel), for plaintiff.

*George W. Watson* (*George W. Watson, Jr.,* of counsel), for defendant.

DETHMERS, J. June 7, 1946, the defendant entered into a land contract to sell a certain 10-acre farm in Eaton county to Orval and Elsie Ganger. By proper assignment the plaintiff herein has succeeded to all their rights, as vendee. On June 15, 1950, plaintiff received from the defendant a notice of forfeiture for nonpayment of an instalment of principal and interest, and demand for possession. The defendant later refused to accept payment of the arrears and commenced an action in ejectment. Thereupon plaintiff filed the instant bill of complaint in chancery to set aside the forfeiture, and to enjoin the ejectment suit. She paid into court $202, the 1950 arrears of principal and interest then due, and later paid into court the instalment of principal and interest required for 1951.

Issue was joined, the court heard the proofs and entered a decree dismissing the bill of complaint. Plaintiff appeals.

The land contract was for the principal sum of $2,500, of which $500 was paid down, the balance to be paid $100 or more annually on the principal, plus

annual interest at 6%. From its inception, June 7, 1946, the payments were made by the original vendees, Mr. and Mrs. Ganger, according to contract until early in 1949 when Mr. Ganger died. The defendant (vendor) agreed with Mrs. Ganger to wait 90 days for the annual instalment due June 7, 1949, and at the end of that time, she being still in default, he started summary proceedings before a circuit court commissioner in Eaton county to terminate the contract. Mrs. Ganger was unable to pay, and the plaintiff paid up the $208 principal and interest then due, which redeemed from the summary proceedings, paid Mrs. Ganger $600 and paid up some other matters that Mrs. Ganger owed. On November 3, 1949, Mrs. Ganger assigned her interest as vendee to the plaintiff.

On June 1, 1950, 6 days before the next instalment and interest of $202 would be due (if due June 7th), plaintiff, who lived in Battle Creek, went to the bank in Olivet, in Eaton county, near the 10-acre farm, and then to the 2 banks in nearby Charlotte, to make the annual payment. She did not find the contract in one of them, as she expected, was unsuccessful in trying to locate Mr. Shilts, the vendor, did not remember where his farm was. She went to Charlotte again on June 3d, attempted to make payment to the defendant's attorney who had indorsed her payment of the 1949 instalment for Mrs. Ganger, was unsuccessful, went back to the Olivet bank and on June 14th asked Mr. Tyson, the vice-president, to accept the $202 in cash and give it to Mr. Shilts. The banker preferred that she leave her check instead of cash and she did that. Then Mr. Shilts refused to receive the check, not on the ground that it was no good, or not a proper tender, but he told the bank officer that "the time had gone by" and he would not accept it. The next day plaintiff received from the defendant a notice of forfeiture and demand for possession.

She claims that under the circumstances equity should intervene to relieve her from the attempted forfeiture of her rights in the land contract and her investment therein. When she took the contract from Mrs. Ganger she made the first payment for her in 1949, $208, to defendant or his attorney in his office in Charlotte. At that time she told them she did not want to make payments to Mr. Shilts, she wanted to make payments in a bank. Mr. Shilts nodded assent. From June 1st to June 14th she made "about 10 trips" to Charlotte and Olivet, trying to make the payments. The contract itself did not indicate the address or place of residence of the vendor, nor did it indicate where the payments were to be made. While the contract declared that time should be deemed of the essence of the contract, it did not specify any exact date on which the annual payments should be made. It merely required that the balance be payable "at the rate of $100 or more annually upon the principal," and interest "payable annually" at 6% per annum. Assuming, as the trial court held, that the payments were due each June 7th, plaintiff on June 1st began efforts to make the 1950 payment, $202, and continued every reasonable effort to do so throughout, until she finally left her payment by check at the Olivet bank, to be given to Mr. Shilts. He refused it, on June 14th, 7 days after the first possible due date which this plaintiff could be supposed to meet. A week later Mr. Shilts started the ejectment proceedings. Had he started summary proceedings, as he had earlier started against Mrs. Ganger, redemption could follow and the arrears might be paid up. From ejectment, plaintiff's remedy must be in chancery, to invoke equitable relief against forfeiture.

In the absence of a due date plainly fixed in the contract, and in the absence of a place of payment established therein, plaintiff made reasonable effort

to comply with the requirements for payment of the 1950 instalment. The defendant makes no showing of harm or loss resulting from the short delay in making the instalment payment. His refusal to receive the check from the bank on the sole ground that it was too late obviated the need for making a more formal and legal tender of cash. The entire balance due the defendant on the contract was approximately $1,700. Plaintiff has paid the arrears into court, and also the 1951 requirement. She testified that she had sold the contract to a Mr. Bishop for $5,000, and that he had entered into possession, but had to be removed because she could not make good for his possession. While the contract declared that unless the vendees should comply with its requirements "at the respective times, and in the manner above limited and specified," or forfeit all rights, no time or place of paying the annual instalment was therein "limited and specified."

"Forfeitures are not favored in the law, and, while they may be contracted for, the provisions of contracts relied upon to establish them must be clear and unequivocal." *John* v. *McNeal,* 167 Mich 148.

Appellee relies on some statements found in *Elbom* v. *Pavsner,* 225 Mich 213. However, the conclusion reached in that case fits into the circumstances of the case now before us:

"Under the circumstances shown here, where plaintiffs have offered within reasonable time to perform on their part and were refused, equity will not enforce a forfeiture against them."

In *Hubbell* v. *Ohler,* 213 Mich 664, the vendee was in default in making a payment of interest and taxes in a land contract requiring payment of $100 and interest each year. When it was assigned to the plaintiff there was due $220. Plaintiff, to obtain the as-

signment, paid vendee approximately $1,000. Under circumstances quite comparable to the instant case, this Court in its decree relieved the plaintiff from the forfeiture.

"We have repeatedly held that equity will not render aid in enforcing forfeitures, but will interpose to relieve from them," citing many cases. *Hodges* v. *Buell,* 134 Mich 162.

"Time cannot be made essential in a contract, merely by so declaring, if it would be unconscionable to allow it. Parties may stipulate to make it so, where the stipulation is reasonable; but, as in stipulated damages, if the stipulation is not reasonable, courts will not regard it." *Richmond* v. *Robinson,* 12 Mich 193.

A decree may be entered in this Court setting aside the forfeiture, permanently enjoining the prosecution of the ejectment proceeding, and allowing the plaintiff 60 days to continue or complete performance of the requirements of the land contract as vendee in accordance with its terms. Costs to appellant.

BUTZEL, CARR, BUSHNELL, SHARPE, BOYLES, and REID, JJ., concurred.

The late Chief Justice NORTH did not sit.