A E GIROUX, INC v CONTRACT SERVICES ASSOCIATES,
DIVISION OF PREMIUM CORPORATION OF AMERICA, INC

Docket No. 48562. Submitted June 24, 1980, at Detroit.—Decided
August 27, 1980.

Plaintiff A. E. Giroux, Inc., brought suit to recover on a construc-
tion contract. Defendant, Contract Services Associates, moved
for summary judgment on the basis that an accord and satisfac-
tion between the parties dissolved its liability under the origi-
nal contract. Oakland Circuit Court, Robert B. Webster, J.,
granted defendant's motion. Plaintiff appeals, alleging that
time was of the essence and that the accord and satisfaction
was not adequately performed by the defendant. *Held:*

Defendant should have moved for accelerated judgment but
since neither party would appear to have been prejudiced by
the mislabeling the issues are addressed as though the motion
was proper. Plaintiff conceded reaching an accord and that no
material damage was done by defendant's one-day delay in
payment. Such delay was *de minimus,* and plaintiff's argument
that time was of the essence does not change this result.

Affirmed.

1. ACCORD AND SATISFACTION — CONTRACTS.

An accord and satisfaction is, in essence, a contract.

2. ACCORD AND SATISFACTION — CONTRACTS — SUBSTANTIAL PERFOR-
MANCE.

A delay of only one day, where the delay admittedly causes no
detriment, amounts to substantial performance of an accord
and satisfaction contract, and such performance is not altered
by a party's claim that time was of the essence.

3. ACCORD AND SATISFACTION — CONTRACTS — *DE MINIMUS* DELAY.

A one-day delay in the performance of an accord and satisfaction
contract, where no material damage is done by the delay, is *de*

REFERENCES FOR POINTS IN HEADNOTES
[1] 1 Am Jur 2d, Accord and Satisfaction § 1.
[2] 1 Am Jur 2d, Accord and Satisfaction §§ 47, 49.
[3] 1 Am Jur 2d, Accord and Satisfaction §§ 47, 49.

*minimus,* even where a plaintiff contends that time was of the essence.

*Alan G. Greenberg, P.C.,* for plaintiff.

*Clark, Klein & Beaumont* (by *Richard C. Marsh* and *Charles D. Bavol),* for defendant.

Before: J. H. GILLIS, P.J., and V. J. BRENNAN and A. C. MILLER,* JJ.

A. C. MILLER, J. Plaintiff sued to recover on a construction contract. Defendant moved for summary judgment on the basis that an accord and satisfaction between the parties had dissolved defendant's liability under the original contract. The lower court granted defendant's motion.

It should first be noted that defendant's motion should have been for accelerated judgment pursuant to GCR 1963, 116.1(5). Since neither party would appear to have been prejudiced by the mislabeling of defendant's motion, we shall address the issues raised as though the proper motion had been filed. *Unger v Forest Home Twp,* 65 Mich App 614; 237 NW2d 582 (1975).

Plaintiff agreed to settle the disputed amount owed by defendant for $42,549. According to an exhibit submitted by plaintiff, this amount was to be sent to plaintiff by July 5, 1978. Another of the plaintiff's exhibits indicated that plaintiff received defendant's payment on July 6, 1978.

On appeal, plaintiff contends that time was of the essence and that the accord and satisfaction was, therefore, not adequately performed by defendant. We disagree. Plaintiff conceded reaching an accord and that no material damage was done by a one-day delay. In this circumstance, we find the

_____

* Circuit judge, sitting on the Court of Appeals by assignment.

one-day delay *de minimus* and affirm the lower court.

An accord and satisfaction is, in essence, a contract. *Puett v Walker,* 332 Mich 117; 50 NW2d 740 (1952), *Fritz v Marantette,* 404 Mich 329; 273 NW2d 425 (1978), *reh den* 406 Mich 1103 (1979). A delay of only one day, where the delay admittedly causes no detriment, amounts to substantial performance of an accord and satisfaction contract. Cf. *Antonoff v Basso,* 347 Mich 18; 78 NW2d 604 (1956), *Gordon v Great Lakes Bowling Corp,* 18 Mich App 358; 171 NW2d 225 (1969). On the facts of this case, plaintiff's argument that time was of the essence does not change this result. *Bilandzija v Shilts,* 334 Mich 421; 54 NW2d 705 (1952).

Affirmed.