707 So.2d 801 (1998)
EDWARD WATERS COLLEGE, INC., Appellant,
v.
Glorious JOHNSON, Appellee.
No. 97-2305.
District Court of Appeal of Florida, First District.
February 13, 1998.
Rehearing Denied March 17, 1998.
*802 James J. Taylor, Jr. and Michael R. Freed of Smith Hulsey & Busey, Jacksonville, for Appellant.
Audrey McKibbin Moran, Jacksonville, for Appellee.
PER CURIAM.
Glorious Johnson sued Edward Waters College, Inc., alleging she was terminated from her position at the college in violation of Florida's Whistle-Blower's Act, sections 448.101-.105, Florida Statutes (1995). At mediation, the parties reached a settlement agreement which called for the college to pay Johnson's back salary and wages in full by March 31, 1997, among other things. The college tendered payment one-day late, and Johnson invoked the default provision of the settlement agreement which permitted entry of a judgment in the amount of $250,000 for Johnson should the college default as to the terms and conditions of the agreement. Upon the motion of Johnson, the trial court entered a final judgment enforcing the default provision against the college and entering a judgment of $250,000. Because time was not of the essence in the parties' settlement agreement, we reverse.
As the court stated in National Exhibition Co. v. Ball, 139 So.2d 489, 492 (Fla. 2d DCA 1962):
The modern trend of decisions concerning brief delays by one party in performance of a contract or conditions thereunder, in the absence of an express stipulation in the contract that time is of the essence, is to not treat such delays as a failure of a constructive condition discharging the other party unless performance on time was clearly an essential and vital part of the bargain.
Time is considered to be of the essence when one of the following three circumstances apply: (1) where there has been an express recital by the parties; (2) where, from the nature of the subject matter of the contract, the treating of time as a non-essential would produce a hardship, and delay by one party in completing or in complying with a term would necessarily subject the other party to a serious injury or loss; and (3) where an express notice has been given by a party not in default to the other party who is in default, requiring the contract to be performed within a stated time, which must be a reasonable time according to the circumstances. Blaustein v. Weiss, 409 So.2d 103, 105 (Fla. 4th DCA 1982).
As argued by the appellant, none of these circumstances are present. The settlement agreement contains no express recital that time is of the essence. The failure of the college to hand-deliver Johnson's check to her on March 31 caused her no hardship. Finally, Johnson made no post-default demand for payment. Instead, the facts demonstrate that the college was in the process of complying with the terms and conditions of the settlement agreement and merely missed compliance with this one condition by one day. Under these circumstances, we conclude that any breach which may have occurred by tendering payment one day late was not material to the performance of the contract.
Our resolution of this issue is dispositive of this appeal. We expressly do not reach the college's further arguments that the default clause of this settlement agreement was an unenforceable penalty or that it would be unconscionable to allow Johnson to retain the sum in question as liquidated damages.
REVERSED and REMANDED for further proceedings consistent with this opinion.
BOOTH and VAN NORTWICK, JJ., and COSTELLO, Associate Judge, concur.