1999 ME 12

## ASSOCIATED BUILDERS, INC.

v.

## William M. COGGINS et al.

Supreme Judicial Court of Maine.

Submitted on Briefs Nov. 6, 1998.

Decided Jan. 20, 1999.

---

Philip R. Foster, Foster Law Offices, Ellsworth, for plaintiff.

Brett D. Baber, Rudman & Winchell, LLC, Bangor, for defendant.

Before WATHEN, C.J., and CLIFFORD, DANA, SAUFLEY, ALEXANDER, and CALKINS, JJ.

DANA, J.

[¶ 1] Associated Builders, Inc. appeals from a grant of a summary judgment entered in the Superior Court (Hancock County, *Marsano, J.*) in favor of the defendants William M. Coggins and Benjamin W. Coggins, d/b/a Ben & Bill's Chocolate Emporium. Associated contends that the court erred when it held that despite a late payment by the Cogginses, an accord and satisfaction relieved the Cogginses of a contractual liability. The Cogginses argue that the three-day delay in payment was not a material breach of the accord and, even if the breach was material, Associated waived its right to enforce the forfeiture. We agree with the Cogginses and affirm the judgment.

[¶ 2] Associated provided labor and materials to the Cogginses to complete a structure on Main Street in Bar Harbor. After a dispute arose regarding compensation, Associated and the Cogginses executed an agreement stating that there existed an outstanding balance of $70,005.54 and setting forth the following terms of repayment:

It is agreed that, two payments will be made by [the Cogginses] to [Associated] as follows: Twenty Five Thousand Dollars ($25,000.00) on or before June 1, 1996 and Twenty Five Thousand Dollars ($25,000.00) on or before June 1, 1997. No interest will be charged or paid providing payments are made as agreed. If the payments are not made as agreed then interest shall accrue at 10% [ ] per annum figured from the date of default. There will be no prepayment penalties applied. It is further agreed that Associated Builders will forfeit the balance of Twenty Thousand and Five Dollars and Fifty Four Cents ($20,005.54) providing the above payments are made as agreed.

The Cogginses made their first payment in accordance with the agreement. The second payment, however, was delivered three days late on June 4, 1997. Claiming a breach of the contract, Associated filed a complaint demanding the balance of $20,005.54, plus interest and cost. The Cogginses answered the complaint raising the affirmative defense of an accord and satisfaction and waiver. Both parties moved for a summary judg-

ment. The court granted the Cogginses' motion and Associated appealed.

[¶ 3] The trial court must enter a summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, referred to in the statements required by [M.R. Civ. P.] 7(d) show that there is no genuine issue as to any material fact set forth in those statements and that any party is entitled to a judgment as a matter of law." M .R. Civ. P. 56(c). "On appeal from a grant of summary judgment, we view the evidence in the light most favorable to the nonprevailing party, and review the trial court decision for errors of law." *Greenvall v. Maine Mutual Fire Ins. Co.*, 1998 ME 204, ¶ 5, 715 A.2d 949, 951.

[¶ 4] "An accord 'is a contract under which an obligee promises to accept a substituted performance in future satisfaction of the obligor's duty."' *E.S. Herrick Co. v. Maine Wild Blueberry Co.*, 670 A.2d 944, 946 (Me.1996) (quoting *Stultz Elec. Works v. Marine Hydraulic Eng'g Co.*, 484 A.2d 1008, 1011 (Me.1984)). Settlement of a disputed claim is sufficient consideration for an accord and satisfaction. *See id.* at 947. Here, the court correctly found the June 15, 1995 agreement to be an accord.

[¶ 5] Satisfaction is the execution or performance of the accord. *See* RESTATEMENT (SECOND) OF CONTRACTS § 281(1) (1981). If the obligor breaches the accord, the obligee may enforce either the original duty or any duty pursuant to the accord. *See id.* § 281(2) (1981); *see also* ARTHUR L. CORBIN, 6 CORBIN ON CONTRACTS § 1271, at 93–94 (1961). The obligor's breach of the accord, however, must be material. *See Zenith Drilling Corp. v. Internorth, Inc.*, 869 F.2d 560, 563–64 (10th Cir.1989) (applying Oklahoma law); *A.E. Giroux, Inc. v. Contract Servs. Assocs.*, 99 Mich.App. 669, 299 N.W.2d

20, 20–21 (1980). The question before the court, therefore, was whether the Cogginses' late payment constituted a material breach of the accord. The court found that it was not.

[¶ 6] We apply traditional contract principles to determine if a party has committed a material breach. *See Down East Energy Corp. v. RMR, Inc.*, 1997 ME 148, ¶ 10, 697 A.2d 417, 421. A material breach "is a non-performance of a duty that is so material and important as to justify the injured party in regarding the whole transaction as at an end." *Id.* (quoting ARTHUR L. CORBIN, 4 CORBIN ON CONTRACTS § 946, at 809 (1951)); *see* RESTATEMENT (SECOND) OF CONTRACTS § 241 (1981).[1] "Time of performance is merely one element in determining whether a defective or incomplete or belated performance is substantial [performance]." ARTHUR L. CORBIN, 3A CORBIN ON CONTRACTS § 713, at 355 (1960). Applying these principles, courts have found that a slight delay of payment that causes no detriment or prejudice to the obligee is not a material breach. *See, e.g., Jenkins v. U.S.A. Foods, Inc.*, 912 F.Supp. 969, 974 (E.D.Mich.1996) (applying Michigan law) (contract payment made two days after expiration of grace period not a material breach where payee suffers little or no prejudice); *Edward Waters College, Inc. v. Johnson*, 707 So.2d 801, 802 (Fla.Dist.Ct. App.1998) (one day delay in paying settlement agreement not a material breach where agreement did not state that time is of the essence and payee incurred no hardship because of delay); *A.E. Giroux, Inc.*, 299 N.W.2d at 20–21 (accord satisfied by one-day delay of payment where no material damage to obligee and payment amounted to substantial performance).

[¶ 7] We discern no error in the Superior Court's finding that the Cogginses' payment to Associated after a three-day delay was not

---

1. The Restatement lists five factors as significant in determining if a failure to render performance is material:

    (a) the extent to which the injured party will be deprived of the benefit which he reasonably expected;

    (b) the extent to which the injured party can be adequately compensated for the part of that benefit of which he will be deprived;

    (c) the extent to which the party failing to perform ... will suffer forfeiture;

    (d) the likelihood that the party failing to perform ... will cure his failure ...;

    (e) the extent to which the behavior of the party failing to perform or to offer to perform comports with standards of good faith and fair dealing.

    RESTATEMENT (SECOND) OF CONTRACTS § 241 (1981).

a material breach and, therefore, satisfied the June 15, 1995 accord. *See A.E. Giroux, Inc.*, 299 N.W.2d at 20–21. By receiving the second and final payment of $25,000, Associated was not deprived of the benefit that it reasonably expected. *See* RESTATEMENT (SECOND) OF CONTRACTS § 241(a) (1981). Moreover, Associated has not alleged any prejudice from this three-day delay. *See Jenkins*, 912 F.Supp. at 974; *Edward Waters College*, 707 So.2d at 802; *A.E. Giroux, Inc.*, 299 N.W.2d at 20–21. Further, the Coggineses' late payment was not made in bad faith. *See* RESTATEMENT (SECOND) OF CONTRACTS § 241 cmt. f (1981) ("The extent to which the behavior of the party failing to perform or to offer to perform comports with standards of good faith and fair dealing is ... a significant circumstance in determining whether the failure is material."); *cf. Zenith Drilling Corp.*, 869 F.2d at 563–64 (material breach of accord when party withheld payment to force other party to renegotiate agreement). Finally, neither the purpose of the June 15, 1995 accord nor the language of the accord suggests that time was of the essence. *See Baybutt Constr. Corp. v. Commercial Union Ins. Co.*, 455 A.2d 914, 919 (Me.1983) (court must "give effect to the intention of the parties as gathered from the language of the agreement viewed in the light of all the circumstances under which it was made."). Because the late payment was not a material breach of the June 15, 1995 accord, the Cogginses have complied with the June 15, 1995 agreement relieving them of further liability to Associated.

[¶ 8] Even if the breach was material and Associated could have enforced the forfeiture, Associated waived that right when it accepted the late payment. A waiver is a voluntary or intentional relinquishment of a known right. *See Kirkham v. Hansen*, 583 A.2d 1026, 1027 (Me.1990) (citing *Interstate Indus. Unif. Rental Serv., Inc. v. Couri Pontiac, Inc.*, 355 A.2d 913, 919 (Me.1976)). If a party in knowing possession of a right does something inconsistent with the right or that party's intention to rely on it, the party is deemed to have waived that right. *See id.* A party waives a contractual right arising from a breach because of a late payment when that party accepts tender of the late payment. *See Northeast Ins. Co. v. Concord Gen. Mutual Ins. Co.*, 461 A.2d 1056, 1058 (Me.1983) (insurer waives right to consider policy terminated or canceled for lack of payment if it accepts late payment); *Savings & Loan Ass'n. v. Tear*, 435 A.2d 1083, 1085 (Me.1981) (mortgagee waives right to foreclose if it accepts late payment). Here, because Associated accepted the final $25,000 payment, it waived its right to enforce the forfeiture.

[¶ 9] The trial court, therefore, did not err when it held that a satisfaction of the accord occurred when Associated accepted the final payment.

The entry is:

Judgment affirmed.