**UNITED STATES of America, Plaintiff and Counterdefendant**

v.

**Wayne S. THURSTON and Adelia B. Thurston, Defendants and Counterclaimants**

**No. CIV.03–274–P–C.**

United States District Court, D. Maine.

Nov. 30, 2004.

---

216

Wendy J. Kisch, U.S. Department of Justice, Tax Division, Benjamin Franklin Station, Washington, DC, for USA, Plaintiff.

Peter M. Garcia, Skelton, Taintor & Abbott, Auburn, ME, for Wayne S Thurston, Adelia B Thurston, Defendants.

### ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

GENE CARTER, Senior District Judge.

Now before the Court is Plaintiff's Motion for Summary Judgment (Docket Item No. 12). In its motion, Plaintiff seeks (1) judgment in the amount of $61,871.10, plus interest from August 25, 2004, based on Wayne Thurston's default on a promissory note executed in favor of the Internal Rev-

enue Service ("IRS"); (2) to foreclose on a mortgage securing the promissory note; and (3) to dismiss the damage claims asserted by the Defendants. Defendants filed their opposition to the motion (Docket Item No. 19), and Plaintiff filed its reply (Docket Item No. 20). For the reasons set forth below, the Court will grant Plaintiff's Motion for Summary Judgment on Plaintiff's direct claims and on Defendants' counterclaims.

## I. SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate only if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). "In this regard, 'material' means that a contested fact has the potential to change the outcome of the suit under the governing law if the dispute over it is resolved favorably to the non-movant. By like token, 'genuine' means that the evidence about the fact is such that a reasonable jury could resolve the point in favor of the nonmoving party." *Navarro v. Pfizer Corp.*, 261 F.3d 90, 93–94 (1st Cir.2001) (quoting *McCarthy v. Northwest Airlines, Inc.*, 56 F.3d 313, 315 (1st Cir.1995)). "A trialworthy issue exists if the evidence is such that there is a factual controversy pertaining to an issue that may affect the outcome of the litigation under the governing law, and the evidence is 'sufficiently open-ended to permit a rational factfinder to resolve the issue in favor of either side.'" *De-Jesus–Adorno v. Browning Ferris Indus.*, 160 F.3d 839, 841–42 (1st Cir.1998) (quoting *Nat'l Amusements, Inc. v. Town of Dedham*, 43 F.3d 731, 735 (1st Cir.1995)). The Court views the record on summary judgment in the light most favorable to the nonmovant.

*See Santiago–Ramos v. Centennial P.R. Wireless Corp.*, 217 F.3d 46, 50 (1st Cir. 2000). However, summary judgment is appropriate "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). Once the moving party has presented evidence of the absence of a genuine issue, the nonmoving party must respond by "placing at least one material fact into dispute." *FDIC v. Anchor Props.*, 13 F.3d 27, 30 (1st Cir.1994) (citing *Darr v. Muratore*, 8 F.3d 854, 859 (1st Cir.1993)).

## II. LOCAL RULE 56

■ Before commencing the discussion of the facts giving rise to this cause of action, the Court notes that many listed facts in the parties' statements of material facts fail to comply with Local Rule 56. Pursuant to District of Maine Local Rule 56(c), "[a] party opposing a motion for summary judgment shall submit with its opposition a separate, short, and concise statement of material facts." Local Rule 56 sets forth specific procedures and a party fails to honor Rule 56 requirements at its own peril. "Facts contained in a supporting or opposing statement of material facts, if supported by record citations as required by this rule, shall be deemed admitted unless properly controverted." Loc. R. 56(e). In an attempt to support their proffered statements of material facts with record citations, both Plaintiff and Defendants frequently cite Defendants' counterclaim. The counterclaim is not verified and is not of sufficient evidentiary quality to satisfy the requirements of either Fed.R.Civ.P. 56 or Loc. R. 56. Although many of the facts supported by citations to the counterclaim are uncontro-

verted and are merely for purposes of background, other facts bearing on the merits of the summary judgment motion are not supported by independent record citation to documents of evidentiary quality. Accordingly, the Court will not consider as true any statement of fact made by either party that is supported only by a citation to Defendants' counterclaim. Likewise, the Court will deem admitted any properly supported fact set forth by either party that is controverted only though a reference to the counterclaim.

## III. FACTS

On April 10, 1992, Wayne and Adelia Thurston executed a promissory note in favor of the IRS providing for the payment of tax liabilities in the amount of $28,547.17, plus interest at 9.5% per annum. Plaintiff's Statement of Material Facts ("SMF") ¶ 5. On the same date, the Thurstons executed a mortgage in favor of the IRS, securing the promissory note with property located in Dixfield, Maine. Plaintiff's SMF ¶ 6. Through the promissory note, Mr. Thurston agreed to pay equal monthly installments of $266.10. Plaintiff's SMF ¶ 8. The promissory note provided that if there was a default in payment which was not remedied within any grace period allowed by the grantee, or if there was a breach of any covenant or agreement in the mortgage, the note would become immediately due at the option of the IRS, and the IRS would have the right of foreclosure. Plaintiff's SMF ¶ 9. The Thurstons have failed to make any payments on the promissory note. Plaintiff's SMF ¶ 10.

The District Director of the IRS issued a Notice of Default to Mr. Thurston on April 9, 1998. Plaintiff's SMF ¶ 11. In October 1998, the IRS filed notices of federal tax lien based on highway excise taxes that related to some pre-petition tax assessments in the total amount of approximately $500, and post-petition tax assessments in the total amount of approximately $2700. Plaintiff's SMF ¶ 12. The above tax liens were released on March 12, 2000. Plaintiff's SMF ¶ 13.[1] On November 5, 1998, the IRS issued notices of levy on the Thurston's account at Franklin Savings Bank and on Thurston's property held by the International Paper Company. Plaintiff's SMF ¶ 14. The IRS received no funds from the levy issued on International Paper Company. Plaintiff's SMF ¶ 15. Plaintiff asserts as fact that the

---

1. Defendants' denial of this allegation only cites "Exhibit 1" for support. The exhibit attached to Defendants' Response to Plaintiff's Statement of Material Facts and Defendants' Further Statement of Material Facts (Docket Item No. 18) is a 38 page document. This document is apparently a letter dated November 20, 1998, submitted to the IRS from Defendants' counsel, with various enclosures. Each enclosure is marked as an exhibit for purposes of the references contained in the letter, not for purposes of cross reference for statements made in Defendants' Statement of Material Facts in this proceeding. This action once again suggests a total disregard for the procedures mandated by Local Rule 56. Defendants have made no specific page or paragraph citations as required by the Local Rule and have attempted to place the burden on the Court to rummage through their exhibit to ferret out particular content to which citation is made. See Local Rule 56(e) ("An assertion of fact set forth in a statement of material facts shall be followed by a citation to the specific page or paragraph of identified record material supporting the assertion."). The Court is not required to pore through the record and try to unearth Defendants' apparent support for its factual propositions. See id. ("[t]he court shall have no independent duty to search or consider any part of the record not specifically referenced in the parties' separate statement of facts."). The Local Rule requires the litigants to perform that task. Accordingly, the Court disregards any record citation made only to "Exhibit 1."

funds received from the levy issued on Franklin Savings Bank were applied to tax liabilities of the debtor that were administrative or post petition and not the subject of the Promissory Note and Mortgage issued by the debtor on April 10, 1992. Plaintiff's SMF ¶ 16. This assertion is not properly controverted in accordance with Local Rule 56. To date, the Thurstons have failed to make any payments on the promissory note. Plaintiff's SMF ¶ 19. The Thurstons are indebted to the United States in the amount of $61,871.10, including interest through August 25, 2004, pursuant to the promissory note. Plaintiff's SMF ¶ 20.

## IV. PLAINTIFF'S CLAIMS

Plaintiff moves for summary judgment on the grounds that Defendant Wayne Thurston defaulted on the promissory note executed in favor of the IRS and for foreclosure on the mortgage securing the promissory note. Defendant Wayne Thurston executed a valid promissory note with the IRS on April 10, 1992. The promissory note is secured by a mortgage, also entered into on April 10, 1992. Paragraph 7 of the mortgage provides:

> If default be made in payment, when due, of any indebtedness secured hereby, and such default is not remedied within any grace period Grantee may grant, or in the event of a breach of any covenant or agreement contained herein, Grantee may accelerate the indebtedness due under the Promissory Note secured hereby and shall have the right of foreclosure and any and all other rights and remedies given to a mortgagee under the laws of Maine . . . .

The Court finds that Defendants are in default of the promissory note, and will proceed to determine the appropriate remedy.

■. Defendants contend that Plaintiff's claim for relief is barred by the doctrine of laches. However, a scintilla of legal research would indicate to the Defendants that such a defense is barred by one hundred eighty-two years of legal precedent. "A virtually unbroken line of authority . . . holds that a private defendant cannot assert laches against the government." *United States v. Hughes House Nursing Home, Inc.,* 710 F.2d 891, 895 (1st Cir. 1983). *See also United States v. Summerlin,* 310 U.S. 414, 416, 60 S.Ct. 1019, 84 L.Ed. 1283 (1940) ("[i]t is well settled that the United States is not bound by state statutes of limitation or subject to the defense of laches in enforcing its rights."); *Guar. Trust Co. v. United States,* 304 U.S. 126, 132, 58 S.Ct. 785, 82 L.Ed. 1224 (1938) ( [t]he rule *quod nullum tempus occurrit regi*—that the sovereign is exempt from the consequences of its laches, and from the operation of statutes of limitations— . . . appears to be a vestigial survival of the prerogative of the Crown. . . . [T]he source of its continuing vitality . . . [is] public policy . . . ."); *Hatchett v. United States,* 330 F.3d 875, 887 (6th Cir.2003) ("there is no precedent holding that the Government is subject to its own laches in tax collection actions."); *United States v. Hoar,* 26 F.Cas. 329, 330 (C.C.D.Mass. 1821) (No. 15,373) (Story, J.) (finding that the rule rests on "the great public policy of preserving the public rights, revenues, and property from injury and loss, by the negligence of public officers.").

■ Defendants next contend that Plaintiff's claims are bared by the doctrine of accord and satisfaction. In making such an assertion, Defendants state that "all attempts to make payments on or pay off the note in full were ignored by the IRS. These actions demonstrate an accord and satisfaction, and therefore bar the claim on the 1992 promissory note." Defendants'

Memorandum in Opposition to Plaintiff's Motion for Summary Judgment at 5. This argument is without merit and demonstrates a fundamental misunderstanding of the doctrine of accord and satisfaction. "An accord 'is a *contract* under which an obligee promises to accept a substituted performance in future satisfaction of the obligor's duty.'" *Assoc. Builders, Inc. v. Coggins,* 722 A.2d 1278, 1280 (Me.1999) (quoting *E.S. Herrick Co. v. Maine Wild Blueberry Co.,* 670 A.2d 944, 946 (Me. 1996)) (emphasis added). Satisfaction is the execution or performance of the accord. *See* RESTATEMENT (SECOND) OF CONTRACTS § 281(1) (1981); *Assoc. Builders, Inc.,* 722 A.2d at 1280. There simply is no genuine issue of material fact regarding the creation of an accord.[2] The IRS's failure to respond to Plaintiffs' alleged attempts to pay off the promissory note does not generate a substituted contract that replaces the promissory note.[3]

Because both the laches and the accord and satisfaction defenses are wholly meritless, and because the Defendant has raised no genuine issues of material fact in response to Plaintiff's direct claims, the Court will grant summary judgment in favor of the Plaintiff.

## V. DEFENDANTS' COUNTERCLAIMS

In Defendants' Answer, Affirmative Defenses and Counterclaim (Docket Item No. 5), Defendants allege that they were damaged by the conduct of the IRS. Specifically, Defendants assert that the IRS, by Notice of Federal Tax Lien dated October 6, 1998, and by Notices of Levy dated November 5, 1998, has violated the provisions of the automatic stay and discharge in bankruptcy. Defendants contend the Notice of Federal Tax Lien and Notices of Levy were an attempt by the IRS to enforce pre-petition debts that were discharged in bankruptcy, tactics that would expose the IRS to liability under 26 U.S.C. §§ 7433 and 7432.[4]

Plaintiff now moves for entry of summary judgment on the counterclaims on

---

**2.** Defendants' rely on *Wortley v. Camplin,* 214 F.Supp.2d 18, 22 n. 11 (D.Me.2002) and *Premier Capital, Inc. v. Doucette,* 797 A.2d 32, 35 (Me.2002), for the proposition that simply raising a factual issue such as accord and satisfaction as an affirmative defense precludes this Court from granting summary judgment. This argument fails for two reasons. First, neither *Wortley* nor *Premier Capital* stands for this blanket prohibition of summary judgment. Second, there is no evidence whatsoever in the record for a trier of fact to conclude that the parties negotiated for, or reached, an accord.

**3.** Even if there was any merit to Defendants' contention, they still have not made any payments to satisfy their debts to the IRS, and the IRS thus retains a cause of action under the original promissory note. If the obligor breaches the accord, the obligee may enforce either the original duty or any duty pursuant to the accord. RESTATEMENT (SECOND) OF CONTRACTS § 281(2); *Assoc. Builders, Inc.,* 722 A.2d at 1280.

**4.** 26 U.S.C. § 7433(a) provides:

If, in connection with any collection of Federal tax with respect to a taxpayer, any officer or employee of the Internal Revenue Service recklessly or intentionally, or by reason of negligence, disregards any provision of this title, or any regulation promulgated under this title, such taxpayer may bring a civil action for damages against the United States in a district court of the United States. Except as provided in section 7432, such civil action shall be the exclusive remedy for recovering damages resulting from such actions.

26 U.S.C. § 7432(a) provides:

If any officer or employee of the Internal Revenue Service knowingly, or by reason of negligence, fails to release a lien under section 6325 on property of the taxpayer, such taxpayer may bring a civil action for damages against the United States in a district court of the United States.

the basis that (1) the United States has not waived sovereign immunity with respect to these claims; (2) the United States was not required to release the liens, or refrain from issuing levies, and (3) the Thurstons' claims do not demonstrate any Bankruptcy Code violation. *See* Plaintiff's Memorandum of Law in Support of the United States' Motion for Summary Judgment (Docket Item No. 13) at 4.

■ Defendants contend that the levies issued by the IRS in 1998 were in violation of 26 U.S.C. § 7433, and that the liens issued by the IRS in 1998 were in violation of 26 U.S.C § 7432. The tax liabilities at issue here are employment and excise taxes. Pursuant to 11 U.S.C. §§ 1141(d)(2), 523(a)(1)(A), and 507(a)(8)(D) & (E), employment and excise taxes are nondischargeable. In an attempt to circumvent the above cited statutory provisions, Defendants assert that "all claims of the IRS were discharged and replaced by the promissory note at issue in this case." Memorandum in Opposition to Plaintiff's Motion for Summary Judgment at 7. This bald assertion is without any record support. In an attempt to gather support for their position, Defendants cite to ¶ 1 and ¶ 2 of their own Statement of Material Facts[5] and to "Exhibit 2," which the Court understands to be the Final Decree and the Order Authorizing Compromise of Claim, both issued by the Untied States Bankruptcy Court for the District of Maine.[6] Nowhere in these orders does the Bankruptcy Court expressly or impliedly suggest that the IRS agreed to accept the promissory note as its sole means of collection for all of Defendants' debts. Without any record support, Defendants' claims must fail. *See* Fed.R.Civ.P. 56(e) (the non-moving party "may not rest upon the mere allegations or denials of the . . . pleadings, but . . . must set forth specific facts showing that there is a genuine issue for trial."); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986) (finding that there is no trialworthy issue unless there is enough competent evidence to enable a finding favorable to the nonmoving party) (citing *First Nat'l Bank of Arizona v. Cities Service Co.*, 391 U.S. 253, 288–89, 88 S.Ct. 1575, 20 L.Ed.2d 569 (1968)); *DeNovellis v. Shalala*, 124 F.3d 298, 306 (1st Cir.1997) ("if the evidence is merely colorable, or is not significantly probative, summary judgment may be granted."); *J. Geils Band Employee Benefit Plan v. Smith Barney Shearson, Inc.*, 76 F.3d 1245, 1251 (1st Cir.1996) (holding that "neither conclusory allegations [nor] improbable inferences" are sufficient to defeat summary judgment) (internal quotation marks omitted); *Mesnick v. General Electric Co.*, 950 F.2d 816, 822 (1st Cir.1991) ("[o]n issues where the nonmovant bears the ultimate burden of proof, he must present definite, competent evidence to rebut the motion. . . . This evidence cannot be conjectural or problematic; it must have substance in the sense that it limns differing versions of the truth which a factfinder must resolve at an ensuing trial.") (citations and internal quotation marks omitted).

Defendants' evidence on their counterclaims consists of purely conclusory allegations and improbable inferences—raising precisely the situation where a grant of summary judgment against a party relying on such a predicate is appropriate. Because the Defendants have offered no factual support for their contention that "the

---

5. As discussed *supra,* these paragraphs contain nothing more than conclusory allegations from Defendants' counterclaim.

6. Once again, Defense counsel has failed to provide the Court with any reference more specific than "Exhibit 2."

IRS agreed to discharge all pre-petition debts in exchange for the promissory note," Defendants' Memorandum in Opposition to Plaintiff's Motion for Summary Judgment at 9, there are no genuine issues of material fact supporting Defendants' claim that the IRS violated sections 7433 and 7432 of the Internal Revenue Code. Similarly, because Defendants offer no evidence raising a genuine issue of material fact supporting their contention that a discharge of these specific debts occurred, Defendants may not recover under section 524 of the Bankruptcy Code.[7]

Defendants' recent objection to Plaintiff's Reply Memorandum in support of its Motion for Summary Judgment (Docket Item No. 21) is premised on the contention that Plaintiff may not raise a statute of limitations defense for the first time in its reply memorandum. The Court, having decided the case on the merits, need not decide the statute of limitations issue.

## VI. CONCLUSION

For the reasons set forth in this opinion, the Court **ORDERS** as follows:

(1) Plaintiff's Motion for Summary Judgment on its direct claims be, and it is hereby, **GRANTED** in the amount of $61,871.10 plus interest from August 25, 2004, pursuant to the terms of the promissory note;

(2) Although Plaintiff has established the indebtedness represented by the promissory note and secured by the mortgage, the Court is not satisfied that Plaintiff has properly stated procedurally a claim to foreclose the mortgage under either the laws of the State of Maine or under federal law. The Court accordingly **RESERVES**

DECISION on Plaintiff's claim to foreclose the mortgage pending further briefing by the parties of these issues.

The Court **ORDERS** that Plaintiff's counsel file on or before December 15, 2004, its memorandum of law supporting its entitlement on the existing record to foreclose the mortgage, and that Defendants shall respond thereto on or before January 4, 2005. The Court will thereafter render its decision as to whether a sufficient basis exists for foreclosure of the mortgage.

(3) Plaintiff's Motion for Summary Judgment on Defendants' counter-claims be, and it is hereby, **GRANTED**;

(4) Defendants' Objection to Plaintiff's Reply to Defendants' Opposition to Motion for Summary Judgment be, and it is hereby, **DISMISSED AS MOOT**.

---

7. Because the Court finds that Defendants' claims fail on the merits, the Court does not reach Plaintiff's contentions that Defendants' claims are barred by Defendants' failure to exhaust administrative remedies and that the United States has not waived sovereign immunity with respect to these claims.