STATE OF MAINE                                    SUPERIOR COURT
CUMBERLAND, ss.                                   CIVIL ACTION
                                                  Docket No. AP-2023-004

CATHLEEN SAMBORSKI,                )
                                   )
        Appellee/Plaintiff,        )
                                   )
    v.                             )              **DECISION**
                                   )
LIBERTY BELL MOVING &              )
STORAGE,                           )                    REC'D CUMB CLERKS OFC
                                   )                    MAY 26 '23 AM8:48
        Appellant/Defendant.       )

This matter is before the Court on Appellant/Defendant Liberty Bell Moving &

Storage's ("Liberty Bell") appeal from a small claims judgment of the District Court

(Portland, *O'Neil, J.*[1]) in favor of Appellee/Plaintiff Cathleen Samborski. For the

following reasons, the Court rejects each of Liberty Bell's arguments and affirms the

judgment.

I.    **Background**

      Ms. Samborski initiated this small claims action against Liberty Bell for damage to

and loss of her personal property. She had hired Liberty Bell to store her belongings for

about one year and move them to and from the storage unit. She testified that she hired

Liberty Bell because they advertised that they offered "white glove" moving services and

climate-controlled storage facilities. (Tr. 10.)

      Ms. Samborski testified about several items that were damaged in storage or

during the move. (Tr. 6, 7.) An antique table was split across the top. (Tr. 6.) A Waterford

crystal vase was broken in its box. (Tr. 7.) A wooden headboard and footboard were

scratched and broken. (Tr. 7.) A bureau was also scratched, but repairable. (Tr. 7.)

---

[1] Sitting as a judge of the District Court.

Entered on the Docket: 5/30/2023

Ms. Samborski had to replace an upholstered headboard, mattress, and box spring because they smelled of marijuana when they were delivered to her home. (Tr. 6.) She testified that she wrapped her mattresses, box springs, and upholstered headboard in plastic before moving it to the storage facility, but that the wrappings had been removed before they were delivered to her home. (Tr. 35.)

Kevin Finkenaur, representing Liberty Bell at hearing, testified that there was a marijuana grow facility in the building in which Ms. Samborski's belongings were stored, but that there was "no way" her belongings would have been "contaminated." (Tr. 13.) Ms. Samborski also testified that the movers smelled like marijuana when they arrived at her new home. (Tr. 4.)

Additionally, some of her items were missing. Ms. Samborski testified that multiple boxes were missing, containing six porcelain figurines, a rose medallion platter, and two coffee pots. (Tr. 8) She testified that she was also missing a slab of marble from a side table, serving platters, a teacup collection, and a vase. (Tr. 8.) She provided her opinion regarding the cost to repair or replace most of the damaged and missing items. (Tr. 6-8.)

Finally, Ms. Samborski sought reimbursement for the amounts she paid for the move from the storage facility to her home in Ogunquit ($1,870.16) and storage ($2,352.00). (Tr. 9.) Ms. Samborski testified, and Liberty Bell did not contest, that she paid the invoices for storage and moving services. (Tr. 45.)

Liberty Bell offered portions of a contract titled "Hourly Order for Service" (the "HOFS"), signed online by Ms. Samborski, at hearing in the District Court. (Def.'s Ex. 3, 7, 9.) The complete contract apparently was not offered. The parties did not dispute that Ms. Samborski selected the "Full Valuation Protection" ("FVP") service option in the HOFS. (Tr. 32-33; Def.'s Ex. 7.) The HOFS provided:

We offer FVP (Full Valuation Protection) which covers costs resulting from potential damages to your furnishings during your move. Should damage, loss, or theft occur during your move, resulting damage would be fully covered by Liberty Bell Moving. Should you purchase FVP, we will do one of the following three things to resolve any damage resulting from your move.

1. Fix the item

2. Replace the item with similar or like item

3. Or give you the cash value of the repair or replacement item.

(Def.'s Ex. 7.)

The HOFS contains several provisions that the District Court referred to as "damage limitation" clauses. The HOFS provides that "Contents of boxes packed by the owner (PBO) are not covered under FVP." (Def.'s Ex. 7.) Defendant's Exhibit 9 contains a provision regarding missing boxes; however, part of the text is "cut off." The text that is printed reads: "if an inventoried box ends up missing, under FVP, Liberty Bell Moving will . . . a cubic foot. So if a medium sized 3 cubic foot box goes is not tallied on . . . LBMS pays out is $15." Mr. Finkenaur testified that the provision capped reimbursement for missing boxes at fifteen dollars per box. (Tr. 37.) Finally, Liberty Bell offered the text of a provision regarding odors, which reads: "RVP and FVP only cover physical damage, not perceived odors." (Tr. 41; Def.'s Ex. 3.)

In its judgment, the District Court specifically found that Ms. Samborski was a credible witness and that her damages exceeded the jurisdictional limit of six thousand dollars. The District Court concluded: "Due to material breach by Defendant [Liberty Bell] odor clause/damage limitation clause are not enforceable." The District Court awarded Ms. Samborski six thousand dollars in damages and seventy dollars in costs.

## II. Standard of Review

A defendant appealing from a small claims judgment may request a jury trial de

novo. M.R.S.C.P. 11(d)(2). If the defendant does not elect a jury trial, then appellate review is limited to questions of law based on the record from the District Court. M.R.S.C.P. 11(d)(1), (2); *Cote v. Vallee*, 2019 ME 156, ¶ 10, 218 A.3d 1148. On appeal, the Superior Court "may enter a judgment reversing or affirming, in whole or in part, the judgment appealed from and shall thereupon remand the case to the District Court from which it originated for entry of the appropriate judgment, or for any further proceedings." M.R.S.C.P. 11(f).

## III. Discussion

Liberty Bell appeals the District Court's judgment on the grounds that the District Court erred in finding that Liberty Bell materially breached the agreement and in concluding that the damage limitation clauses were not enforceable.

### A. Material Breach

"A material breach of contract is a nonperformance of a contractual obligation that excuses the injured party from further performance and justifies the injured party in regarding the whole transaction as at an end." *H&B Realty, LLC v. JJ Cars, LLC*, 2021 ME 14, ¶ 16, 246 A.3d 1176. Whether a breach is material is a question of fact. *Id.* (quoting *Jenkins, Inc. v. Walsh Bros.*, 2001 ME 98, ¶ 13, 776 A.2d 1229). The Law Court has approvingly cited section 241 of the Restatement (Second) of Contracts, which lists five factors to consider in determining whether a breach is material:

> (a) the extent to which the injured party will be deprived of the benefit which he reasonably expected;
>
> (b) the extent to which the injured party can be adequately compensated for the part of the benefit of which he will be deprived;
>
> (c) the extent to which the party failing to perform . . . will suffer forfeiture;
>
> (d) the likelihood that the party failing to perform . . . will cure his failure . . . ;

(e) the extent to which the behavior of the party failing to perform or to offer to perform comports with standards of good faith and fair dealing.

*Associated Builders, Inc. v. Coggins*, 1999 ME 12, ¶ 6 n.1, 722 A.2d 1278 (quoting Restatement (Second) of Contracts § 241 (Am. L. Inst. 1981)).

The record before the District Court contained evidence from which that court could have found a material breach. The District Court reasonably could have found that Liberty Bell removed protective wrappings from upholstered items in storage, failed to protect items from exposure to odors in storage, damaged several items either in storage or transit, and lost several packed boxes. Collectively, these actions and omissions could constitute a material breach of the parties' agreement for storage and moving services. Because the evidence does not compel a contrary finding, this Court will not disturb the District Court's finding of material breach.

### B. Damage Limitation Clauses

The District Court did not err in declining to enforce the damage limitation clauses. The Law Court has stated, in dicta: "Gross negligence or willful and wanton misconduct generally renders exculpatory provisions void." *Reliance Nat'l Indem. v. Knowles Indus. Servs., Corp.*, 2005 ME 29, ¶ 15, 868 A.2d 220. This statement aligns with the majority approach. *See* Restatement (Second) of Contracts § 195(1) (Am. L. Inst. 1981).

The extent of the damage to Ms. Samborski's belongings, the removal of wrappings from her upholstered furniture, and the knowing storage of her items in a building with a marijuana grow facility all suggest gross negligence or willful and wanton misconduct. The District Court was not precluded from so finding and, therefore, did not err in concluding that the damage limitation clauses are not enforceable.

Finally, Liberty Bell takes issue with the wording of the District Court's judgment. Liberty Bell argues that the judgment reflects an inaccurate statement of the law—i.e.,

that a material breach would always render limitation of liability clauses unenforceable. Clearly, the District Court intended to convey that Liberty Bell's conduct underlying the breach rendered the clauses unenforceable under the circumstances. Liberty Bell's argument overlooks the reality that small claims judgments, in their brevity, may not fully capture legal nuances. Similarly, this Court views the District Court's closing remarks at hearing as an attempt to explain the law to the two unrepresented parties. The omission of legal nuances is, once again, understandable.

## IV.    Conclusion

For the foregoing reasons, Liberty Bell's arguments on appeal fail.

The entry is:

Appellant/Defendant Liberty Bell Moving & Storage's Appeal is DENIED. The small claims judgment of the District Court, dated November 21, 2022, is AFFIRMED.

The Clerk is directed to incorporate this Decision into the docket by reference pursuant to Maine Rule of Civil Procedure 79(a).

Dated: _____May 25, 2023_____

_____
MaryGay Kennedy, Justice
Maine Superior Court