SERVICIOS AEREOS DEL CENTRO S.A. DE C.V., Plaintiff—Appellant,

v.

HONEYWELL INTERNATIONAL, INC., a Delaware corporation, Defendant—Appellee,

and

Dallas Airmotive, Inc., Defendant.

No. 05–16988.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Oct. 17, 2007.

Filed Oct. 31, 2007.

Michael C. Blair, Esq., Baird Williams & Greer LLP, Phoenix, AZ, for Plaintiff–Appellant.

Daniel L. Kaplan, Esq., Osborn Maledon, P.A., Phoenix, AZ, for Defendant–Appellee.

Before: HUG, W. FLETCHER, and CLIFTON, Circuit Judges.

MEMORANDUM *

Servicios Aereos del Centro S.A. de C.V. ("SACSA") appeals a summary judgment entered by the district court in favor of Honeywell International, Inc. We affirm.

■ The authority cited by SACSA to support its argument that resolution of the materiality of a breach of contract is inappropriate on summary judgment, *Foundation Dev. Corp. v. Loehmann's, Inc.*, 163 Ariz. 438, 788 P.2d 1189, 1197–98 (1990) (en banc), does not support that proposi-

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

tion, because the court in that case affirmed just such a summary judgment, in that instance a conclusion that a given breach was immaterial. SACSA failed to make payments not only when those payments were initially due under the terms of the contract, but also by the deadline subsequently set by Honeywell for SACSA to avoid contractual termination. Honeywell gave proper notice that it intended to strictly enforce the termination deadline. The district court properly concluded, applying the relevant factors, that the breach here was material and that there was no genuine issue of material fact as to that issue. *See* Restatement (Second) of Contracts § 241.

■ Honeywell's prior acceptance of late payments did not waive its right to terminate the contract in this instance. SACSA had previously always paid Honeywell before the announced termination deadline, but it failed to do so this time. *See Dorn v. Robinson,* 158 Ariz. 279, 762 P.2d 566, 572–73 (Ariz.Ct.App.1988). Honeywell also withdrew any arguable waiver by giving SACSA notice that it intended to strictly enforce the termination deadline. *See Ariz. Title Guar. & Trust Co. v. Modern Homes, Inc.,* 84 Ariz. 399, 330 P.2d 113, 115 (1958). To the extent that Honeywell's actions at the time could be taken to constitute a further waiver, such a waiver was conditioned upon SACSA's subsequent payments being made by certain specified dates—a condition which SACSA acknowledges it neither accepted nor adhered to. Honeywell's brief forbearance upon being contacted by SACSA after the August 22 termination deadline had passed was not sufficient to create a genuine issue of material fact as to whether Honeywell had waived its right to terminate the contract if the remaining payments were not made pursuant to the schedule.

**AFFIRMED.**