**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

DEC 01 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| WATERMILL VENTURES, LTD. and WATERMILL-TOOLROCK ENTERPRISES, LLC, Plaintiffs-Appellants, v. CAPPELLO CAPITAL CORPORATION, Defendant-Appellee. | No.    15-55145 D.C. No. 2:14-cv-08182-CAS-PLA MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Christina A. Snyder, District Judge, Presiding

Submitted November 8, 2016[**]
Pasadena, California

Before:  WARDLAW and BYBEE, Circuit Judges, and BELL,[***] District Judge.

---

[*]       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable Robert Holmes Bell, United States District Judge for the Western District of Michigan, sitting by designation.

Watermill Ventures, Limited and Watermill-Toolrock Enterprises, LLC ("Watermill") appeal the district court's denial of their motion to vacate the arbitration award in favor of defendant Cappello Capital Corporation (Cappello) under the Federal Arbitration Act (FAA), 9 U.S.C. §§ 10(a)(1) & 10(a)(4). We affirm.

1.      The district court correctly concluded that Cappello's alleged assignment of its rights to the arbitration proceeds was not a material breach of the "Settlement Agreement" under New York law, and thus did not excuse Watermill from its duty to submit the "Equity Split Dispute" to binding arbitration.[1]  The court held that even if Cappello's alleged assignment did breach the Settlement Agreement, it did not relieve Watermill of its duty to arbitrate because the agreement was merely a personal "covenant not to assign" that "[gave] rise only to a right to sue for damages." *Watermill Ventures, Ltd. v. Cappello Capital Corp.*, No. 2:14-cv-08182-CAS (PLAx), 2015 WL 251895 (C.D. Cal. Jan. 5, 2015), at *6–7; *see also Pro Cardiaco Pronto Socorro Cardiologica S.A. v. Trussell*, 863 F. Supp. 135, 137 (S.D.N.Y. 1994).  However, we need not decide whether the anti-assignment

---

[1]The parties agree, and the district court concluded, that New York state law governs our interpretation of the Settlement Agreement.

2

provision here was a personal covenant that gave rise to a right to damages only, because the alleged breach was not material in any event.

A material breach is "a breach which is so substantial as to defeat the purpose of the entire transaction," relieving the non-breaching party of its duty to perform under the contract. *Lipsky v. Commonwealth United Corp.*, 551 F.2d 887, 895 (2d Cir. 1976). The purpose of the Settlement Agreement was to resolve certain disputes between the parties and reserve the remaining Equity Split Dispute for arbitration. Under these facts, the alleged assignment of rights in one claim does not "defeat the purpose of the entire" Settlement Agreement, which resolved $550,000 worth of other claims.

Watermill's undisclosed belief that the anti-assignment clause was "critical" is also insufficient to establish materiality. *Jacob & Youngs v. Kent*, 129 N.E. 889, 891 (N.Y. 1921) ("Intention not otherwise revealed may be presumed to hold in contemplation the reasonable and probable. If something else is in view, it must not be left to implication."). Finally, additional fact-finding was not required because the district court assumed as true Watermill's factual allegations, leaving only a question of law. *See WILJEFF, LLC v. United Realty Mgmt. Corp.*, 82 A.D.3d 1616, 1617–18 (N.Y. App. Div. 2011).

**2.**     Given that Cappello's alleged breach of the anti-assignment provision was not material, the FAA provides no grounds for vacatur.  The arbitration award was not "procured by . . . fraud" because Watermill would have been required to arbitrate regardless of whether Cappello "fraudulently concealed" the assignment. *See* 9 U.S.C. § 10(a)(1).  And the arbitrator did not exceed his powers by issuing the award, *see* 9 U.S.C. § 10(a)(4), because Watermill had no defense to arbitration.  Moreover, Watermill cites no case in which a court vacated an award under section 10(a)(4) based on an arbitrator's failure to consider an argument the parties did not present during the arbitration.

**3.**     Because we affirm on other grounds, we decline to consider whether Watermill's complaint was untimely under the FAA, 9 U.S.C. § 12.

     **AFFIRMED.**

4