

**NOT FOR PUBLICATION**

# UNITED STATES BANKRUPTCY APPELLATE PANEL
## OF THE NINTH CIRCUIT

| | |
|---|---|
| In re: | BAP No. NV-18-1219-KuLB |
| FREDRIK ABULYAN (Deceased) and KARINE GHADYAN, | Bk. No. 2:15-bk-15667-GS |
| Debtors. | Adv. No. 2:15-ap-01197-GS |
| COLBY IRISH, | |
| Appellant, | |
| v. | **MEMORANDUM**[*] |
| KARINE GHADYAN, | |
| Appellee. | |

Submitted Without Argument[**] on September 26, 2019
at Pasadena, California

Filed – September 27, 2019

Appeal from the United States Bankruptcy Court

---

[*] This disposition is not appropriate for publication. Although it may be cited for whatever persuasive value it may have, *see* Fed. R. App. P. 32.1, it has no precedential value, *see* 9th Cir. BAP Rule 8024-1.

[**] By order entered on July 8, 2019, a motions panel determined this appeal suitable for submission on the briefs and record without oral argument.

Honorable Gary A. Spraker, Bankruptcy Judge, Presiding

————

Appearances:     Appellant Colby Irish pro se on brief; David Olshan of
Nevada Legal Services on brief for appellee Karine
Ghadyan.

————

Before: KURTZ, LAFFERTY, and BRAND, Bankruptcy Judges.

## INTRODUCTION

Appellant-creditor, Colby Irish, filed a nondischargeability complaint against chapter 7[1] debtors, Karine Ghadyan and her husband, Mr. Abuylan,[2] alleging claims for fraud and embezzlement, among others. The claims were based on acts committed while Ms. Ghadyan was operating a wedding clothing rental business owned by Mr. Irish.

The parties settled their disputes for $48,000. However, Ms. Ghadyan had the option to pay a discounted amount of $30,000 by making monthly payments over a three-year period. If she defaulted on a monthly payment and failed to cure within a 15-day grace period, Mr. Irish could seek entry of judgment for the full amount of the settlement ($48,000 less any amounts paid), which would be nondischargeable. Ms. Ghadyan was one day late

———

[1] Unless specified otherwise, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532.

[2] Mr. Abulyan passed away in March 2017.

2

with her April 2018 payment. Although she timely cured the payment, she did not pay the $25 late fee until after the grace period expired. Mr. Irish sought entry of judgment based on Ms. Ghadyan's breach. The bankruptcy court denied his request, finding that payment of the $25 late fee outside the grace period was not a material breach of the settlement. This appeal followed. For the reasons set forth below, we AFFIRM.

## FACTS

Although there is an extensive factual and procedural background to this appeal, the issue on appeal is narrow: whether the $25 late fee payment outside the grace period constitutes a material breach which entitles Mr. Irish to entry of judgment. The few salient facts relevant to this issue are briefly summarized below.

### A.     The Settlement Agreement

In December 2017, Mr. Irish, his mother, Lori Irish, Bridal Elegance and Tuxedos, Inc., and the Lortex Trust[3] entered into a settlement and mutual release with Ms. Ghadyan and Bridal Elegance, LLC, Ms. Ghadyan's company. The parties settled the remaining claims[4] alleged

---

[3] Lori Irish was the trustee of the Lortex Trust which was presumably established for the benefit of her son Colby. At the time of the acts complained of in the nondischargeability complaint, Mr. Irish was a minor and the owner of Bridal Elegance and Tuxedos, Inc. The business was eventually sold to Ms. Ghadyan. It was after the sale that the alleged fraud was discovered.

[4] Ms. Ghadyan filed a motion for summary judgment which the bankruptcy

(continued...)

in Mr. Irish's nondischargeability complaint.

The settlement amount was $48,000, payable, without interest, at the rate of $500 per month over 96 months. Ms. Ghadyan had the option to pay the discounted amount of $30,000 (in monthly or lump sum payments) within three years after the bankruptcy court approved the agreement. The agreement also provided: "Payments should be made by electronic transmission to the account of Colby Irish at: TO BE SUPPLEMENTED." In addition, a fee of $25 was due with any payment made after the payment due date, which was the 25th of each month.

The agreement further provided: "In the event Ghadyan fails to make a payment when due, Irish *may* mail and transmit by email a Notice of Default to Ghadyan . . . . If Ghadyan fails to cure a default (including payment of any applicable late fee) within the 15 days after Irish mails and emails the Notice of Default, Colby Irish *may* file with the Court" a notice of default and request for entry of judgment. (Emphasis added.) Finally, the agreement contained a confidentiality/nondisparagement provision and a broad release.

The bankruptcy court approved the settlement in January 2018 and the adversary proceeding was closed.

---

[4](...continued)
court granted in part, eliminating many of the claims.

**B.      Notice of Failure to Cure Default**

In May 2018, Mr. Irish filed a notice of failure to cure default and request for entry of judgment in the bankruptcy court. Mr. Irish complained that the February and March payments violated the settlement agreement because Ms. Ghadyan made them by check instead of electronically. He also argued that Ms. Ghadyan's check dated April 24, 2018, was returned because of insufficient funds and he was charged $12 by his bank. Although Ms. Ghadyan had deposited another check into his account by April 26, 2018, Mr. Irish contended that this payment was late as payments were due on the 24th or 25th of each month. Accordingly, Ms. Ghadyan owed a  $25 late fee which she did not pay within the grace period. Mr. Irish attached proof that he emailed and mailed a notice of default to Ms. Ghadyan, notifying her of the default and giving her 15 days to cure it.

Ms. Ghadyan opposed the request, arguing that she did not breach the settlement agreement with regard to any payment. She contended that electronic payments were not required under the plain language of the settlement agreement, but were permissive. She also emphasized that Mr. Irish did not provide bank account information until after the signing of the agreement. Therefore, the electronic payments were permissive based on the impossibility or impracticality of making the electronic payments without the required bank account information.

Ms. Ghadyan conceded that payments were due on the 25th of each month, but noted that her April payment was made on the 26th and payment of the $12 fee was made on May 7, 2018. Therefore, she contended that both payments were made within the grace period. However, she admitted that the $25 late fee was paid on May 25, 2019, which was after the grace period ended. Nonetheless, she argued that this violation was not a material breach and, therefore, Mr. Irish was not entitled to entry of judgment.

## C.    The Bankruptcy Court's Findings

On July 20, 2018, the bankruptcy court held a hearing on Mr. Irish's request for entry of judgment and entered its findings of fact and conclusions of law on the record. First, the court confirmed that payments were due on the 25th of each month. Ms. Ghadyan did not dispute that this was the due date. Next, in construing the settlement agreement, the court agreed with Ms. Ghadyan that electronic payments were not a requirement and obligatory as shown by the use of the word "should" in the agreement, which was permissive. The court thus concluded that payment by check was not a per se breach. Third, the court found that the April payment and payment for the $12 insufficient funds fee were made within the grace period and therefore could not constitute a default under the terms of the agreement. Last, the bankruptcy court addressed the payment of the $25 late fee outside the grace period. The court found that this breach was not

6

material as it was de minimus in the grand scheme of things and cured. The bankruptcy court entered an order denying Mr. Irish's request for entry of judgment and Mr. Irish timely appealed.

## JURISDICTION

The bankruptcy court had jurisdiction pursuant to 28 U.S.C. §§ 1334 and 157(b)(2) (A) and (I). We have jurisdiction under 28 U.S.C. § 158.

## ISSUE

Whether the bankruptcy court erred in determining that Ms. Ghadyan's failure to cure the $25 late fee payment within the 15-day grace period was not a material breach of the settlement agreement.

## STANDARDS OF REVIEW

Under Nevada law, a settlement agreement is a contract governed by general principles of contract law. *The Power Co. v. Henry*, 321 P.3d 858, 863 (Nev. 2014) (citing *May v. Anderson*, 119 P.3d 1254, 1257 (Nev. 2005)). Like a contract, the interpretation of a settlement agreement is reviewed de novo. *Id.*

To succeed on a breach of contract claim in Nevada, a plaintiff must prove, among other elements, that there was a material breach by the defendant. *Laguerre v. Nev. Sys. of Higher Educ.*, 837 F. Supp. 2d 1176, 1180 (D. Nev. 2011). Generally, whether a breach is material is a question of fact. *FDIC. v. Air Fla. Sys., Inc.*, 822 F.2d 833, 840 (9th Cir. 1987) (explaining that ordinarily whether a party has breached a contract and whether that breach

is material are triable questions of fact); *see also Nev. First Bancorp v. Highland A.V.A., LLC*, 367 P.3d 803 (Table), 2010 WL 3291754 at *1 (Nev. 2010) ("[W]hether the actions of a party constitute a material breach is a question of fact, not a question of law); *Thornton v. Agassiz Constr., Inc.*, 799 P.2d 1106, 1108 (Nev. 1990) (same).

However, "where there is no dispute about the facts and the parties only dispute 'the meaning and effect of the [provisions in a settlement agreement] [,the question] is a matter of law for the court to decide.'"*Nev. First Bancorp*, 2010 WL 3291754 at *1; *Gilbert v. Dep't of Justice*, 334 F.3d 1065, 1072 (Fed. Cir. 2003) ("[W]here . . . facts are undisputed, the determination of whether there has been a material non-compliance with the terms of a contract, and hence breach, necessarily reduces to a question of law.") (citation omitted).

A factual finding is clearly erroneous if illogical, implausible, or without support in the record. *TrafficSchool.com, Inc. v. Edriver Inc.*, 653 F.3d 820, 832 (9th Cir. 2011). "If two views of the evidence are possible, the trial judge's choice between them cannot be clearly erroneous." *Anderson v. Bessemer City*, 470 U.S. 564, 573–575(1985); *Hansen v. Moore (In re Hansen)*, 368 B.R. 868, 874–875 (9th Cir. BAP 2007).

We may affirm "on any ground supported by the record." *ASARCO, LLC v. Union Pac. R. R. Co.*, 765 F.3d 999, 1004 (9th Cir. 2014).

## DISCUSSION

### A.    Legal Standards: Materiality

This is a breach of contract matter and Nevada law controls. *Commercial Paper Holders v. Hine (In re Beverly Hills Bancorp)*, 649 F.2d 1329, 1333 (9th Cir. 1981) (instructing that bankruptcy settlement agreements are contracts to be construed under state law); *In re Worldcom, Inc.*, 343 B.R. 486, 495 (S.D.N.Y. 2006) (citations omitted) (Materiality is a question resolved through application of state law.).

The elements of a cause of action for breach of contract under Nevada law are: "(1) formation of a valid contract; (2) performance or excuse of performance by plaintiff; (3) material breach by the defendant; and (4) damages." *Laguerre*, 837 F. Supp. 2d at 1180. A breach of contract is the *material* failure to perform "a duty arising under or imposed by agreement." *State Dep't of Transp. v. Eighth Jud. Dist. Court in and for Cty. of Clark*, 402 P.3d 677, 682 (Nev. 2017) (citation omitted).

Nevada recognizes that a material breach by one party to a contract discharges the non-breaching party's duty to perform. *Cain v. Price*, 415 P.3d 25, 29 (Nev. 2018); *Young Elec. Sign Co. v. Fohrman*, 466 P.2d 846, 847 (Nev. 1970). Conversely, a non-material breach may give rise to a claim for damages, but will not relieve the non-breaching party from performing its obligations under the contract. *See, e.g., Sheehan & Sheehan v. Nelson Malley and Co.*, 117 P.3d 219, 224 (Nev. 2005) (even if a party's failure to provide

9

monthly reports was a breach of the agreement, the breach was not material); *Gibby's Inc. v. Aylett*, 615 P.2d 949, 950-51 (Nev. 1980) (no material breach of the covenants and conditions in a lease such as to work a forfeiture of the lease); *Robert J. Gordon Constr. Co., Inc., v. Meredith Steel Constr., Inc.*, 537 P.2d 1199, 1201 (Nev. 1975) (finding that while a construction company may have breached an agreement by supplying some girders made of composite steel rather than one-piece steel beams, the trial judge did not err in finding such breach non-material). These authorities demonstrate that in a variety of contexts a material default or breach does not result simply because a party to a contract violates one of the agreement's provisions.

Nevada also recognizes that equity requires something more than a trivial breach to justify forfeiture.[5] *See Mosso v. Lee*, 295 P. 776 (Nev. 1931) (discussing the maxim that "Equity abhors a forfeiture," including equity's preference for compensation, rather than forfeiture); *Davenport v. Republic Ins. Co.*, 625 P.2d 574, 575 (Nev. 1981) (delay by insured did not preclude recovery under the contract). "Even where time is made material, by express stipulation, the failure of one of the parties to perform a condition

---

[5] Forfeiture is defined as "The loss of a right . . . because of a . . . breach of obligation. . . . A destruction or deprivation of some . . . right because of the failure to perform some contractual obligation or condition." BLACK'S LAW DICTIONARY (11th ed. 2019). Here, if Ms. Ghadyan's payment of the late fee outside the grace period is deemed a material breach, she would lose not only the right to pay the discounted settlement amount but also her discharge.

within the particular time limit will not in every case defeat his right to specific performance, if the condition be subsequently performed, without unreasonable delay, and no circumstances have intervened that would render it unjust or inequitable to give such relief." *Mosso*, 295 P. at 777. The *Mosso* court went on to say, "[t]he granting of relief against forfeitures is one of legal discretion." *Id.* at 780. Nevada courts often apply the equitable principal against forfeiture in cases involving sales or leases of real property.

Against this background, there is no precise definition of what constitutes a material breach under Nevada law, nor is there a categorical rule stating when and to what extent a court may refuse to enforce a forfeiture on equitable grounds since the decision is a discretionary one. While we look at the language of the contract in the first instance, the proper analysis of materiality may also be informed by commentaries and decisions outside Nevada state law. *See Strother v. S. Cal. Permanente Med. Group*, 79 F.3d 859, 865 (9th Cir. 1996) ("If the state has not addressed the particular issue, a federal court must use its best judgment to predict how the highest state court would resolve it using intermediate appellate court decisions, decisions from other jurisdictions, statutes, treatises, and restatements as guidance."). Accordingly, the bankruptcy court properly considered case law outside of Nevada state law when determining whether Ms. Ghadyan had materially breached the settlement agreement.

11

This case law is informative, setting forth various usable definitions of what constitutes a material breach under a variety of circumstances. The Ninth Circuit has stated: "A material breach is a breach which is so substantial as to defeat the purpose of the entire transaction relieving the non-breaching party of its duty to perform under the contract." *Watermill Ventures, Ltd. v. Cappello Capital Corp.*, 671 F.App'x 492, 493 (9th Cir. 2016) (quoting *Lipsky v. Commonwealth United Corp.*, 551 F.2d 887, 895 (2d Cir. 1976)); *see also FDIC,* 822 F.2d at 840 (breach is material if it goes to the essence of the agreement).

Two unpublished Nevada district court decisions offer further guidance. "A material breach of a contract occurs when there is a breach of an essential and inducing feature of the contract."[6] *Gamage v. Nev. Board of Regents of Nev. System of Higher Educ.*, Case No. 2:12-cv-00290-GMN-VCF, 2014 WL 250245 at *12 (D. Nev. Jan. 21, 2014) (citing Restatement (Second) of Contracts section 237).

> Whether a party has committed a material breach of contract turns upon the seriousness of the breach and the likelihood that the injured party received substantial performance of the contract promise. Generally, a material breach occurs when there is a breach of an essential element of the contract which induced the party to enter into it. Further, the breach must go to

---

[6] Although not binding precedent, unpublished decisions have persuasive value and may be relied upon. *See Employers Ins. of Wausau v. Granite State Ins. Co.*, 330 F.3d 1214, 1220 n.8 (9th Cir. 2003) ("[W]e may consider unpublished . . . decisions, even though such opinions have no precedential value").

the substance of the contract, or defeat an essential purpose of the contract.

*BZ Clarity Tent Sub LLC v. Ross Mollison Int'l Pty, Ltd.*, No. 2:15-CV-1065 JCM, 2015 WL 3657249, at \*4 (D. Nev. June 12, 2015) (citing AMJUR Contracts section 706). Other courts apply variations of these tests. *See e.g., Mitchell v. Straith*, 698 P.2d 609, 612 (Wash. Ct. App. 1985) (stating that a material breach of contract is often defined "as one that substantially defeats the purpose of the contract"); *Specialized Commercial Servs., Inc. v. Welsh*, Case No. 1 CA-CV 08-0181, 2009 WL 532603 at \*3 (Ariz. Ct. App. Mar. 3, 2009) ("A generally accepted definition of material breach is a breach that goes to the essence of the contract, defeating the parties' purpose in entering the contract.") (emphasis omitted); *Marion Family YMCA v. Hensel*, 897 N.E.2d 181, 186 (Ohio Ct. App. 2008) (defining a material breach as "a failure to do something that is so fundamental to a contract that the failure to perform defeats the essential purpose of the contract"); *Stansbury v. Fed. Home Loan Mortg. Corp.*, No. 7:16-cv-00516, 2017 WL 3821669 at \*3 (W.D. Va. Aug. 31, 2017) ("The Supreme Court of Virginia has defined a 'material breach of contract' as 'a failure to do something that is so fundamental to the contract that the failure to perform the obligation defeats an essential purpose of the contract.'") (citation omitted).

The Restatement (Second) of Contracts is also a helpful resource because Nevada courts have frequently turned to the Restatement for

guidance. *Cain*, 415 P.3d at 29 (material breach of promise discharges the non-breaching party's duty to perform) (*citing* Restatement (Second) of Contracts section 237 (Am. Law Inst. 1981)); *Dynalectric Co. of Nev., Inc. v. Clark & Sullivan Constructors, Inc.*, 255 P.3d 286, 288 (Nev. 2011) (following the Restatement (Second) of Contracts in holding that a court may award expectation, reliance, or restitutionary damages for promissory estoppel claims). The Restatement (Second) of Contracts section 241 sets forth several circumstances for courts to consider when determining whether a breach is material.

In the end, the standard for deciding materiality always starts with the language of the contract under a de novo standard of review. If there is no definite language, the court then determines as a factual matter whether the breach is material by applying the circumstances set forth in the Restatement and applicable case law. In any event, the duty must be an essential and inducing feature of the contract and its breach must be so substantial as to defeat the entire transaction.

## B.    Analysis

### 1.    The plain language of the settlement agreement

It is undisputed that Ms. Ghadyan breached the settlement agreement by paying the late fee outside the grace period. To determine whether this breach was material, we look to the express terms of the agreement to determine the intent of the parties.

14

Nevada courts construe contracts from the written language and enforce them as written. *The Power Co.*, 321 P.3d at 863; *Kaldi v. Farmers Ins. Exch.*, 21 P.3d 16, 20 (Nev. 2001). "[N]either a court of law nor a court of equity can interpolate in a contract what the contract does not contain." *Traffic Control Servs., Inc. v. United Rentals Nw., Inc.*, 87 P.3d 1054, 1059 (Nev. 2004); *see also* 23 Richard A. Lord, Williston on Contracts section 63:3 (4th ed. July 2019) ("Where the contract itself is clear in making a certain event a material breach of that contract, a court must ordinarily respect that contractual provision.") (citations omitted).

On appeal, Mr. Irish argues that the clear language of the settlement agreement states when payments were to be made, the procedure to follow, and the consequence of late payments. According to Mr. Irish, these provisions went to the essence of the contract and, without them, neither he nor his mother would have signed the agreement. In contrast, Ms. Ghadyan contends that the settlement does not reflect the timing of payment as a "central aspect" because there was no "time is of the essence" language. She maintains that the timely payments were "accessory and not material."

We start from the premise that, under Nevada law, "a fundamental principle of contract law is that the time for performance under a contract is not considered of the essence *unless the contract expressly so provides or the circumstances of the contract so imply.*" *Mayfield v. Koroghli*, 184 P.3d 362, 366

15

(Nev. 2008) (emphasis added). The Nevada Supreme Court explained: "[I]n the absence of a clause making time of the essence, a party's failure to perform within a reasonable time generally does not constitute a material breach of the agreement." *Id.* Although *Mayfield* is factually distinguishable from this case, there is no indication that this "fundamental principle of contract law" has limited applicability in Nevada.

Contrary to Mr. Irish's belief, the plain language of the agreement does not make Ms. Ghadyan's payment of the late fee within the grace period an essential element of the parties' agreement. We reach this conclusion for several reasons. First, the settlement agreement does not contain an explicit "time is of the essence" clause nor does it plainly say that Ms. Ghadyan's failure to pay amounts past due, including the late fee, within the grace period *will be considered a material default*. If the time of payment is essential, the agreement should clearly and expressly say so. *Mayfield*, 184 P.3d at 366.

Next, the agreement does not make timely payments so essential that any delay gives Mr. Irish the immediate right to entry of judgment. There are further acts required. Under the plain terms of the agreement, if Ms. Ghadyan was late with her monthly payment, Mr. Irish had the unilateral discretion to provide notice of the default thereby triggering the 15-day grace period ("Irish *may* mail and transmit by email a Notice of Default . . . ."). He also had the unilateral discretion to file the notice of

16

default and request for entry of judgment after the 15-day period expired without a cure ("Irish *may* file with the Court . . . .").

In other words, explicit in the agreement is that Mr. Irish had the discretion to extend the 15-day grace period if he wished. *See Jama v. Immigration & Customs Enf't*, 543 U.S. 335, 346 (2005) ("The word 'may' customarily connotes discretion." (citation omitted)); *Conant v. Wells Fargo Bank, N.A.*, 60 F. Supp. 3d 99, 117-18 (D.D.C. 2014) (concluding that contract stating that "Lender may send [Plaintiff] a written notice" does not impose mandatory obligation); *State v. Am. Bankers Ins. Co.*, 802 P.2d 1276, 1278 (Nev. 1990) (in statutory construction endeavor, construing "may" as permissive and "shall" as mandatory, absent contrary legislative intent). The possibility of Mr. Irish exercising his discretion is contrary to a "time is of the essence" intent. *See Katemis v. Westerline*, 120 Cal. App. 2d 537, 544 (Cal. Ct. App. 1953) (buyer's agent's power to extend the performance of any act to a time beyond the date involved was "inconsistent" with the supposition that the precise time specified for buyers' performance was "of the essence of the contract.").

In sum, although Mr. Irish argues otherwise, the plain language of the settlement agreement did not make the timeliness of Ms. Ghadyan's payments an essential part of the bargain. Nor do the circumstances of the agreement require us to so imply. The parties were in litigation. Mr. Irish agreed to the settlement of the adversary proceeding in exchange for the

17

payment of money. The essential purpose of the settlement agreement was for Mr. Irish to avoid the risks and costs of litigation and get paid either the discounted amount of the settlement or the full amount. Here, Ms. Ghadyan's breach was not so fundamental or substantial as to defeat the essential purpose of the agreement. She paid the $25 within a reasonable time after expiration of the grace period. In sum, we cannot find that the agreement itself made Ms. Ghadyan's breach a material one under these circumstances.

### 2. The Restatement Factors

The bankruptcy court's application of the factors in the Restatement (Second) of Contracts section 241 gives us a better understanding as to why this was not a material breach. The Restatement lists five factors that may be considered in determining whether a breach is material: (a) the extent to which the injured party will be deprived of the benefit which he reasonably expected; (b) the extent to which the injured party can be adequately compensated for the part of that benefit of which he will be deprived; (c) the extent to which the party failing to perform or to offer to perform will suffer forfeiture; (d) the likelihood that the party failing to perform or to offer to perform will cure his failure, taking account of all the circumstances including any reasonable assurances; and (e) the extent to which the behavior of the party failing to perform or to offer to perform comports with standards of good faith and fair dealing. The comments to

18

the Restatement underscore that these "circumstances" are not rules and are to be applied "in such a way as to further the purpose of securing for each party [its] expectation of an exchange of performances."

Here, the bankruptcy court properly applied these factors when deciding, as a matter of fact, whether Ms. Ghadyan's breach was material. With regards to factors (a) and (b), the court considered the degree of harm caused by Ms. Ghadyan's breach as compared to the reasonable expectations of Mr. Irish. The court found that the $25 in the grand scheme of things was a de minimus amount and was paid. Therefore, the harm to Mr. Irish was slight and he received all the performance that was due. In applying factor (c), the bankruptcy court implicitly considered the harm to Ms. Ghadyan if it granted Mr. Irish's request for entry of judgment. Ms. Ghadyan would be required to pay a substantial amount over and above the discounted amount of the settlement and that amount would be nondischargeable. As to factor (d), Ms. Ghadyan had cured. All these findings are plausible, logical, and supported by inferences drawn from the record.

Regarding factor (e), Mr. Irish contends that Ms. Ghadyan violated the standards of good faith and fair dealing. He raises this issue for the first time on appeal. Generally, we do not consider issues raised for the first time on appeal. *See Kieslich v. United States (In re Kieslich)*, 258 F.3d 968, 971 (9th Cir. 2001); *Price v. Lehtinen (In re Lehtinen)*, 332 B.R. 404, 411 (9th Cir.

19

BAP 2005). We have discretion to consider arguments raised for the first time on appeal, but do so only if there are "exceptional circumstances." *El Paso City of Tex. v. Am. W. Airlines, Inc. (In re Am. W. Airlines)*, 217 F.3d 1161, 1165 (9th Cir. 2000). There are no exceptional circumstances here, especially when Ms. Ghadyan's good faith is a factual question.

### 3. Slight delay of payment is not always a material breach.

Finally, we observe that numerous courts outside Nevada have found in different contexts that a slight delay of payment is not a material breach. Although not binding and factually distinguishable, these cases support the outcome here. *See, e.g., Korb v. Cutler Trucking, Inc.*, Case No. A099775, 2003 WL 21766238, at *1 (Cal. App. July 30, 2003) (affirming the trial court's conclusion that "neither Cutler's delay in paying the relatively small sum overdue for June 1998 nor its relatively short delay in paying Korb's earnings for July 1998 constituted a material breach of the oral agreement"); *Associated Builders, Inc. v. Coggins*, 722 A.2d 1278, 1280–81 (Me. 1999) (finding that a short delay in payment, absent any aggravating circumstances, was not a material breach); *Jenkins v. U.S.A. Foods*, Inc., 912 F. Supp. 969, 974 (E.D. Mich. 1996) (contract payment made two days after expiration of grace period not a material breach where payee suffers little or no prejudice); *Edward Waters College, Inc. v. Johnson*, 707 So. 2d 801, 802 (Fla. Dist. Ct. App. 1998) (one day delay in paying settlement agreement not a material breach where agreement did not state that time is of the

essence and payee incurred no hardship because of delay); *A.E. Giroux, Inc. v. Contract Servs. Assocs.*, 299 N.W.2d 20, 21 (Mich. Ct. App. 1980) (accord satisfied by one-day delay of payment where no material damage to obligee and payment amounted to substantial performance); *compare Servicios Aereos del Centro S.A. de C.V. v. Honeywell Intern., Inc.*, 252 Fed. Appx. 849 (9th Cir. Oct. 31, 2007) (late payments constituted a material breach); *Placo Inv., LLC v. Ibarra*, Case No. B196846, 2008 WL 2347730 at *5 (Cal. App. June 10, 2008) (noting that "it is reasonable to infer any delay in the payment of money amounts to a substantial breach when the party now denying breach earlier acknowledged (in writing) that the delay would constitute an 'incurable' and 'material' breach as the appellants so recognized in the negotiated settlement agreement").

In sum, as a matter of law we find the complained of breach to be non-material under the plain language of the settlement agreement. We further conclude that the bankruptcy court applied the proper standards for determining whether Ms. Ghadyan's breach was material and its findings of fact were not clearly erroneous. Accordingly, the bankruptcy court did not err by denying Mr. Irish's request for entry of judgment under these circumstances.[7]

---

[7] We emphasize that our decision is limited to the facts before us. Continual payments outside the grace period may dictate a different result. The bankruptcy court wisely urged Ms. Ghadyan to make electronic and timely payments for the duration.

## CONCLUSION

For the reasons explained above, we AFFIRM.